## LUSE v. WASSON.   (No. 1460.)

(Court of Civil Appeals of Texas. Amarillo. April 30, 1919. Rehearing Denied May 28, 1919.)

EQUITY ☞57 — MAXIMS — EQUITY REGARDS THAT AS DONE WHICH SHOULD BE DONE.

A lease contract provided that the lessee should on 30 days' written notice surrender possession of premises after expiration of the first 2 years. The lessor contracted to sell the premises, but the contract was not consummated because defendant, the assignee of the lease, stated he would not surrender possession at expiration of the 2-year period, and defendant thereafter sold the lease to plaintiff, the agreement providing that, in event of a sale of the premises before expiration of the 2-year period, the consideration should be returned. Held that, where defendant represented the sale was fictitious, etc., he was bound to return the consideration, on application of maxim that equity treats that as done which should be done.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

---

Suit by S. E. Wasson against A. F. Luse. Judgment for plaintiff, and defendant appeals. Affirmed.

W. H. Russell, of Hereford, for appellant. Wm. M. Knight, of Hereford, for appellee.

HALL, J. By mesne conveyance appellant Luse became the assignee of a lease contract from R. L. Elliston, covering five sections of land. On the 29th day of September, 1917, by assignment in writing, he transferred the original lease to appellee, Wasson. A provision in the first contract was that, in the event of a sale of the property and it became necessary to deliver possession thereof to the purchaser, the lessee should deliver peaceable possession thereof at any time after the first 2 years of said lease upon 30 days' written notice. The original contract was executed November 1, 1915. It was provided in the assignment executed by Luse to Wasson that in the event of a sale of the premises and possession thereof was demanded in accordance with the terms of the lease, on or before October 20, 1917, the assignor would return to assignee the $1,000 cash consideration paid at the time of the assignment. The substance of plaintiff's allegations is the purchase of Luse's rights under the lease contract, followed by a declaration setting out the terms of the assignment, the payment of the consideration, and further alleging that at the time of the assignment and the payment of the $1,000 the land had then been sold by Elliston to Rucker and Young, and possession in accordance with the terms of the lease demanded of Luse, which fact Luse fraudulently concealed, and denied that any such notice had been received. The case was submitted to a jury upon special issues, which found in substance that the contract of sale entered into on August 28, 1907, between R. L. Elliston as vendor and H. D. Rucker and John Young as vendees, was made with the common intention to perform its obligations and complete the sale; that because Luse refused to deliver possession of the premises on or before November 1, 1917, Rucker and Young refused to accept the conveyance from Elliston and to otherwise consummate the deal; that before the assignment of the lease from Luse to Wasson the former represented to the latter that the contract of sale was fictitious and bogus; that Wasson believed that statement and he was induced thereby to accept the assignment of the lease and pay the $1,000; that prior to the date of the assignment Luse stated to Wasson that he had not received any notice of the sale of the land, which statement Wasson believed, and that he was induced thereby to accept the transfer and pay the consideration. There was a judgment for Wasson in the sum of $1,000. The pleadings raise other issues which we find it unnecessary to consider in the disposition made of the appeal.

The first assignment is that the court erred in refusing to instruct a verdict for the appellant. A consideration of the remaining assignments in detail will be unnecessary, as this assignment raises the material contentions contained in the brief. The evidence supports the findings of the jury. Under the original lease signed by Elliston, he was entitled to possession of the premises on November 1, 1917, having given the required notice according to the jury's findings. The validity of the contract of sale between Elliston upon the one part and Rucker and Young upon the other is not questioned. Luse had taken possession with notice of this condition in the original lease, and was bound to deliver possession in accordance with it. No attack is made upon the binding effect of this stipulation. The evidence is sufficient to show that the contract of sale between Elliston and his vendees was not consummated, for the reason that Luse served notice upon Rucker and Young that he did not intend to deliver possession. Upon receipt of such notice an effort was made by Elliston to obtain from Luse written consent that possession would be delivered November 1, 1917, which was the date upon which the absolute right to the possession expired. Luse declined to enter into any such agreement. He attacks the contract of sale as being a bogus one, but is concluded by the finding of the jury that the parties entered into it in good faith. Under this finding, and in accordance with the definite terms of the contract to that effect, we must hold that his right of possession ended November 1, 1917. Rucker and Young were not required to close the deal with Elliston, when to do so would result in a lawsuit with Luse for possession. The refusal of Luse to give possession resulted in a rescission of the contract of sale between Elliston and Rucker and Young. Under such conditions Luse cannot be heard to defend against Wasson's right to recover upon the ground that the sale was never consummated. Clearly, it was his duty to surrender possession November 1st. Applying the maxim that "Equity treats that as done which should be done," his refusal to abandon the premises estops him from defending upon the ground that the sale was never consummated. To hold that he can violate his contract as a subassignee of Elliston and defeat the recovery of Wasson would be to permit him to profit by his own wrong. His fraudulent representations, inducing Wasson to accept the assignment and pay the consideration, coupled with the warranty of title to the lease in his written assignment, and the further stipulation contained therein that in the event of the sale of the premises on or before October 20, 1917, he would return the consideration to Wasson, less a reasonable amount

for pasturage, clearly entitled Wasson to recover. We think a proper verdict and judgment have been reached in the case, and it is unnecessary to discuss the various assignments in detail.

The judgment is therefore affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes