**COCHELL v. CAWTHON.**

No. 4809.

Court of Civil Appeals of Texas.
Amarillo.

Oct. 25, 1937.

Rehearing Denied Nov. 22, 1937.

James W. Witherspoon, of Hereford, for plaintiff in error.

Jno. A. Coffee and W. H. Russell, both of Hereford, for defendant in error.

STOKES, Justice.

On the 26th of June, 1926, the plaintiff in error, Mrs. Hettie Cochell, a widow, conveyed to the defendant in error, E. W. Cawthon, certain real property located in the town of Hereford, in Deaf Smith county, in consideration of which defendant in error paid to her the sum of $40 in cash and executed nine promissory vendor's lien notes. The first note was in the sum of $120, payable in installments of $20 monthly, the second in the sum of $150 due January 1, 1927, the third, fourth, fifth, sixth, seventh, and eighth notes in the sum of $250 each; and the ninth in the sum of $190, due on the first of January of each of the following years; the last note being due January 1, 1934. The deed and notes retained a vendor's lien on the property; provided for interest at the rate of 8 per centum per annum, and 10 per centum additional as attorney's fees if incurred.

This suit was brought upon the last three of the series of notes and to foreclose the vendor's lien. It was shown that the first, second, third, and fourth notes had been paid, but there is no explanation in either the pleadings or the evidence of what became of the fifth and sixth notes.

In his answer, the defendant in error alleged that the notes sued upon had been fully paid off and satisfied and attached, as an exhibit, a release of the entire series of nine notes, which release was signed and duly acknowledged by plaintiff in error and dated March 9, 1934. To the allegations of payment and the release attached, plaintiff in error pleaded non est factum, failure of consideration, and, in the alternative that, if she had executed the release, its execution had been procured by trick or fraudulent device and misrepresentation on the part of the defendant in error or some one for him and that it had been procured without her consent or knowledge of its contents. No specific acts of defendant in error, nor of any one for him, which would constitute fraud or misrepresentation were set out in the supplemental answer, and nothing of that nature was shown by the evidence; hence it will not be necessary further to notice the allegations of fraud.

In reply to the allegations of failure of consideration, defendant in error alleged that prior to the date of the release, he had been instrumental in effecting an exchange of a farm belonging to Ira Cochell, son of plaintiff in error, for, some property located at Quitaque, in Briscoe county, and that Ira Cochell was indebted to him for a commission on the exchange in the sum of $400. He also alleged that he had conveyed to Ira Cochell some other property located at Quitaque, for which the latter owed him a further sum of $350, and that, on the day the release was executed, he agreed to cancel this indebtedness against Ira Cochell, and plaintiff in error, in consideration of his agreement to do so, agreed to execute and did execute and deliver to him the release attached to his answer, and that the debt sued upon had been paid in this manner.

The case was tried before a jury and submitted upon three special issues in which the jury found against plaintiff in error upon her plea of non est factum. In answer to the second special issue the jury found that Ira Cochell was indebted to the defendant in error, and in answer to the third special issue they found that plaintiff in error did not agree to release the notes and lien on the property described in her petition in consideration of the cancellation by the defendant in error of the amount owing to him by Ira Cochell.

The evidence showed the first four of the series of notes had been paid, but there is no showing of any disposition or payment having been made of the fifth and sixth notes. The consideration expressed in the release was "the sum of ten dollars to me in hand paid by E. W. Cawthon, of the county of Deaf Smith and State of Texas, in full payment of said nine notes as aforesaid, the receipt of which is hereby acknowledged." In a prior clause it contained the statement: "Whereas, the said E. W. Cawthon has caused payment to be made of all of said notes, together with the interest thereon, in full satisfaction of said indebtedness."

On the day the release was executed, plaintiff in error and defendant in error, together with Ira Cochell, had a conversation in the home of plaintiff in error, and Ira Cochell testified that this conversation resulted in an agreement between all the parties that in view of the difficulties under which defendant in error was laboring in regard to discharging the indebtedness, and in view of services which defendant in error would likely be able to render to his mother, the plaintiff in error, in conducting her business affairs, plaintiff in error would reduce the indebtedness to the extent of five or six hundred dollars, and extend the balance, and that he delivered the notes to defendant in error to be used

in drawing up an extension agreement. Defendant in error's version of the agreement was that the entire indebtedness would be released in consideration of his cancellation of the indebtedness owing to him by Ira Cochell. It was admitted by defendant in error that nothing had been paid on the notes except that which was entered on the back of the notes as credits. The record shows that no credits were entered on the back of the notes except payment of interest to 1930. The $10 recited in the release as the consideration is not shown to have been entered as a credit, nor is it shown that any payment was ever made on the principal of any of them.

Both parties made motions for judgment, based upon the verdict of the jury, and the trial court entered judgment in favor of defendant in error to the effect that plaintiff take nothing by her suit. Plaintiff in error duty excepted and has brought the case to this court upon a writ of error.

The case is presented upon three assignments of error, each of which complains of the action of the trial court in rendering judgment for defendant in error upon the verdict of the jury, contending that, the jury having, in effect, found there was no consideration for the release of the indebtedness executed by plaintiff in error, judgment should have been rendered in favor of plaintiff in error for the debt evidenced by the three notes sued upon and foreclosing the vendor's lien. To this contention defendant in error takes the position that the recitation of full payment and satisfaction of the notes contained in the release is conclusive evidence of their payment, and the jury having found against plaintiff in error on her plea of non est factum, the judgment rendered by the trial court was the proper one.

■ We are, of course, familiar with the rule that parol evidence is not admissible to contradict or vary the terms of written contracts and documents, and when such documents are executed and delivered, they automatically become effective in accordance with the terms and purposes evidenced by the language in which they are written. But there are exceptions to the general rule, and one of those exceptions is that parol testimony may be received to prove that the consideration recited in deeds or other written instruments was not in fact paid. Lanier v. Foust et al., 81 Tex. 186, 16 S.W. 994; Silliman v. Oliver, et al. (Tex.Civ.App.)

233 S.W. 867. The exception to the rule is sufficiently extensive to allow proof of other and additional considerations to those that are expressed. Taylor v. Merrill, 64 Tex. 494. These exceptions are as well established as the rule itself. It has been held, also, that an entire want of consideration cannot be shown to contradict the recital of the payment of a consideration for the purpose of defeating the effective words of a deed or other legal instrument, but it does not necessarily follow that the introduction of evidence showing failure to pay the consideration expressed in the instrument is an impeachment of the deed or other legal document. Such an act is rather an affirmance of the document as a whole, and the rule forbidding the introduction of evidence to show failure of consideration is not regarded as operative when offered for the purpose of recovery of that which has not been paid.

■ To illustrate: If A conveys to B a tract of land for a recited consideration of $1,000, the receipt of which is acknowledged, and the deed is delivered upon B's promise to hand A the money the next day, we know of no rule of law which would prevent A introducing evidence to prove that B did not hand him the money as he had promised. On the other hand, if A should sue B for the $1,000, the law opens the door to him to establish the fact that B had not paid for the land, and the courts, in such case, would not hesitate to render judgment in A's favor against B for the agreed value of the land. The rule is available to the defendant the same as to the plaintiff. It is permissible for the defendant to show that the consideration was actually paid, though in a different form, or in some other way than that expressed in the instrument.

Defendant in error availed himself of these rules of law in this case when he sought to establish the fact by pleading and proof that, although the money represented by the notes had not been actually paid, as implied by the recitation of payment contained in the release, yet he had paid it in another form, that is, by canceling an indebtedness of $750, which was owing to him by Ira Cochell, the son of plaintiff in error.

■■ When she introduced evidence to show that nothing whatever had been paid for the release of the notes, plaintiff in error was availing herself of the rights accorded to her by the same rules of law,

not to destroy the release which she had executed, but to collect the amount of money which defendant in error owed her. The evidence showed, and defendant in error admitted, he had paid nothing on the notes except that which was evidenced by the credits entered thereon. This established plaintiff in error's contention that the consideration recited in the release, that is, the payment of the full amount due on the notes, had not been made, and she was prosecuting her suit for the purpose of enforcing payment of that which was expressed in the release, but which had not been performed by the defendant in error. If the case had progressed no further, she would undoubtedly have been entitled to recover; but defendant in error sought to destroy the effect of that evidence by the contention that he had paid the indebtedness by the cancellation of the $750 owing to him by Ira Cochell. The jury destroyed this defense of his by the finding that plaintiff in error did not execute the release in consideration of such cancellation. This left the parties in exactly the same position which they occupied in the case before defendant in error presented his plea of payment by cancelling the Ira Cochell indebtedness, and he not having offered pleading or evidence that the debt evidenced by the notes in suit had been paid in any other manner, plaintiff in error was entitled to judgment against him on the notes.

We think the release executed by plaintiff in error takes on all of the formalities of a contract in writing, and the law governing contracts and their consideration and other elements applies to releases such as the one involved in this case. Such releases occupy a more exalted and important place in the law then mere receipts. As long as the vendor's lien notes were in existence, plaintiff in error held the superior title to the real estate which she had sold to defendant in error and upon which she sought to foreclose her vendor's lien. She parted with that estate when she executed and delivered the release, and the consideration which induced her .to do so was the payment in some manner by defendant in error of the amount represented by the notes. If the release is effective, she has parted with her superior title to the real estate, and in this respect the release stands on the same basis as a deed.

Defendant in error takes the position in this court that the execution and delivery by plaintiff in error to defendant in error of the release and also the notes on the 9th of March, 1934, constituted a renunciation of the indebtedness as provided in section 122 of the Negotiable Instruments Act, article 5939, R.C.S. There was no pleading setting up a renunciation of the notes sued on, and no proof of any kind which suggested an express renunciation of her rights by plaintiff in error. The release pleaded by defendant in error contained no suggestion that it was executed under the provisions of the negotiable instruments law, and there was no testimony from which could be drawn the conclusion or even the suggestion that the notes were delivered to defendant in error with the purpose in mind of a renunciation of the rights of plaintiff in error as provided by the statute. All the testimony was upon the question of whether or not the notes had been paid. We do not agree with defendant in error that the case is in any respect ruled or governed by the uniform negotiable instruments law.

Plaintiff in error strenuously urges that the case should be reversed and judgment here rendered in her favor. It follows from what we have said that we are of the opinion the judgment should be reversed, but the record does not, in our judgment, warrant this court in rendering a judgment. The record would be in much better shape if, under proper pleadings, issues had been submitted to the jury upon the questions suggested by the testimony that defendant in error took the notes for the purpose of preparing an extension agreement, and also as to whether or not the plaintiff in error agreed to credit the notes with the five or six hundred dollars as testified to by Ira Cochell. The evidence is also unsatisfactory in regard to the amount, if any, that would be left after the credits, if any, had been entered. There was no pleading nor evidence which satisfactorily explained the execution of the release. These matters will probably be developed upon another trial.

For the errors discussed, the judgment is reversed and the cause remanded.