**WHITE et vir. v. HANCOCK et al.**

No. 15237.

Court of Civil Appeals of Texas.
Fort Worth.

April 6, 1951.

T. E. Frossard, of Dallas, for appellant.

C. C. Renfro, of Dallas, for appellee.

CULVER, Justice.

Appellants, Kathleen White, et vir, bring this appeal from an order of the district court denying them a temporary injunction against the appellees, Willie J. Hancock, et al.

In July, 1945, James W. White, Jr., husband of appellant Kathleen White, purchased a tract of nineteen acres, giving as part consideration therefor a vendor's lien note to the Dallas National Bank, for $3700. He then conveyed the land to his father, James W. White, Sr., who immediately sold to his daughter, Willie J. Hancock, a four acre tract out of the nineteen acres, the consideration in part being the assumption by Willie J. Hancock of, and her promise to pay, the sum of $1384 of the $3700 note held by the Bank. On the death of James W. White, Sr., his son J. W. White, Jr., was appointed independent executor of his father's estate and became the owner by purchase of the nineteen acre tract less the four acres theretofore conveyed to Willie J. Hancock. White, Jr., then conveyed the fifteen acres to C. M. Hughett and Hughett thereafter conveyed to appellant Kathleen White. In the meantime, White, Jr., had been making payments to the Bank on the $3700 note. In August, 1950, for value the Bank trans-ferred the note and lien to M. A. Hancock, Jr., the son of Willie J. Hancock, who thereupon instituted foreclosure proceedings on the fifteen acres under deed of trust. Appellants then brought suit praying for both temporary and permanent injunction to restrain sale under the deed of trust and offering to pay the balance due on the note less the amount assumed by Willie J. Hancock.

At the hearing on appellants' application for temporary injunction, evidence was offered to show that Willie J. Hancock was in truth and fact the purchaser of the note and lien and that the same was taken in the name of her son, M. A. Hancock, Jr., merely as a subterfuge. Appellees offered in evidence a release to Willie J. Hancock, executed by White, Jr., individually and as independent executor of his father's will, which on its face was full and complete. The appellants thereupon offered to prove by parol evidence that, at the time the release was given, it was agreed between the parties that the release was solely for the purpose of enabling Willie J. Hancock to convey and sell to Dallas County a right-of-way off of one side of her four acre tract and that the allegations recited in the release were not true. The trial court sustained appellees' objection to the introduction of such testimony. Appellants' only point on this appeal is based on the exclusion by the court of such testimony. Where the express consideration in a deed or other written instrument is contractual or promissory, the general rule that parol evidence is not admissible in the absence of fraud or mutual mistake to vary or contradict the terms thereof, will apply. On the contrary, if the consideration expressed constitutes merely a statement or recital of facts which are alleged to have transpired simultaneously with or prior to the execution of the instrument, then the consideration is not contractual in character and parol evidence may be offered to explain, vary or deny such recitals. 17 Tex.Jur. p. 848 et seq., Flynt v. Garmon, Tex.Civ.App., 275 S.W. 444, Humble Oil & Refining Co., v. Strauss, Tex.Civ.App., 243 S.W. 528, Binford v. Snyder, 144 Tex.

134, 189 S.W.2d 471 and Cochell v. Cawthon, Tex.Civ.App., 110 S.W.2d 636. The release in the instant case did not set forth any consideration that was contractual in its nature but merely recited the consideration that had been theretofore paid. The parol testimony offered by the appellant should have been admitted in evidence.

Two counterpoints are presented by appellees in which they assert that even though appellants' point should be sustained, nevertheless, they are not entitled to injunctive relief for two reasons, (a) that the appellant Mrs. White never acquired the appellee's Mrs. Hancock's obligation to pay on the note in foreclosure, and, (b) Mrs. White has an adequate remedy at law if she owns the obligation.

 It is agreed that the contract of assumption by Mrs. Hancock was between her and her father J. W. White, Sr., and that she never became personally obligated to the Bank in any amount. It is also true that she had never paid any part of the amount assumed to the Bank or to anyone else unless the recitals in the release speak the truth. Assuming that Mrs. Hancock is the owner of the note, it would be inequitable to permit her to enforce the payment of the entire balance against the fifteen acres and thereby escape the payment of a part of the consideration which she agreed to pay for her four acres. All interested parties are before the court in this cause and all questions relating to the controversy may be completely disposed of. It would serve no useful purpose to require appellants to file some other character of action. Having agreed to pay a portion of this note as a part of the consideration for the conveyance to her of the four acre tract, equity will apply the money paid by her to the Bank, first, to the extinguishment of her debt, and secondly, to the purchase by her of the note and lien. "Equity regards and treats as done that which in fairness and good conscience ought to be done." 17 Tex. Jur. p. 41, Frede v. Luck, Tex.Civ.App., 9 S.W.2d 180, Luse v. Wasson, Tex.Civ.App., 214 S.W. 486, Temple v. City of Coleman, Tex.Civ.App., 245 S.W. 264.

In our opinion the trial court should have granted the application for a writ of temporary injunction until the disputed facts could be determined. Appellants' point is sustained and appellees' counterpoints are overruled. The cause is therefore reversed and remanded with instruction that the writ of temporary injunction prayed for be granted.