**Dave RUBIN, Appellant,**

v.

**J. S. G. ADAMS, Appellee.**

No. 7251.

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1963.

Rehearing Denied May 13, 1963.

Wm. Q. Boyce, Amarillo, for appellant.

Monning & Monning, Amarillo, for appellee.

DENTON, Chief Justice.

J. S. G. Adams, appellee, brought this suit against Dave Rubin, appellant, on two counts: One seeking recovery on a promissory note; and one to establish and recover accrued sums due under an alleged pension contract. The amount due on the note was stipulated, and the judgment entered on this count is not before this Court except for the question of the assessment of costs. The parties will be referred to by name.

The second count was submitted to a jury. In response to the special issues, the jury found in substance that Rubin promised Adams that if Adams would continue in his employ Rubin would provide Adams with financial security for life; that Adams relied on such promise; and that the letter in evidence was executed and delivered by Rubin pursuant to such promise. The trial court rendered judgment on this verdict in favor of Adams against Rubin. Rubin has timely perfected this appeal.

The written instrument in evidence referred to above reads as follows:

"February 27, 1959
"Mr. J. S. Gail Adams
"800 Bellview Street
"Amarillo, Texas

"Dear Mr. Adams:

"This is to advise you that as of the 15th day of March, 1959, you will cease your active employment with me. This termination date has been ascertained in order to afford you a thirty day period of notice from the date the oral notification was heretofore given you as regards the termination of your active employment.

"For and in consideration of the service heretofore rendered and time devoted in my behalf during your employment with me, and as compensation for your long tenure of employment with me, I desire to place you on retirement status beginning March 15, 1959, as remuneration to you for the years of service and performance rendered by you during your employment with me. Accordingly, I do hereby agree to pay to you a monthly retirement pension for the remainder of your natural life. Such pension shall be paid to you for the ramainder of your natural life as follows: The sum of $400.00 per month payable in semi-monthly payments of $200.00 each in Amarillo, Potter County, Texas; the first of such pension payments to be made on the 1st day of April, 1959, and a like pension payment to be made on the 15th day of April, 1959, and like pension payments to be made on the first and fifteenth days of each succeeding month thereafter until your death. This agreement is to be hereafter binding upon me, my successors, assigns, heirs or legal representatives so long as you shall live.

"WITNESS MY HAND in triplicate originals this 27th day of February, 1959.

"(Signed) Rubin
DAVE RUBIN"

Adams began his employment as office manager for Rubin on February 10, 1944, and except for a period of four or five months in 1947, he continued in this capacity until March 15, 1959. Mr. Rubin was primarily engaged in the oil business. Mr. Adams, along with two other employees of Rubin, testified to statements made by Rubin to Adams concerning security for

Adams and his family. There is evidence oral references were made to Adams some twelve or fifteen times in the period from 1952 until the letter was written and delivered. No specific plan or amount was stated until between February 6 and February 9, 1959, at which time Adams testified Rubin orally promised to pay him $400.00 per month for the remainder of his life. Adams further testified he continued his employment with Rubin in reliance on these promises to provide him security for life. Mr. Rubin did not testify, and presented no evidence on the trial of the case. Some thirteen semi-monthly payments of $200.00 each were paid to Adams before they were discontinued by the appellant.

The primary issue to be decided is whether or not the written agreement is supported by adequate consideration. Appellant also contends the testimony relative to the parol agreements to pay the pension is a violation of the parol evidence rule, and as such, is not admissible. In effect Rubin takes the position that testimony of the parol promises are not to be considered, but that the written instrument constituted the whole agreement. The contention is then made that the letter shows on its face that the promise to pay a pension is based on services rendered in the past, and therefore, the promise is without consideration.

Although the rule is well established that parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a valid written instrument, there are equally well established exceptions to that general rule. In McFarland v. Shaw, 45 S.W.2d 193, the Texas Commission of Appeals quoted with approval the following:

"Many of the exceptions to the parol evidence rule are quite as well settled as the general rule and require only a mere statement. It may not be contended for example, that, as between the parties to an instrument parol evidence is incompetent * * * to show that the writing is only a part of an entire oral contract between the parties."

In the case at bar the parol evidence did not vary the terms of the written instrument. The parol evidence offered was for the purpose of showing the oral promise of the pension or other security had been held out to Adams for many years, and that these oral promises constituted a part of the over-all agreement. Until February 6 or the 9th of 1959 the oral expressions were in general terms. No specific amount had been mentioned until the figure of $400.00 per month was advanced by Rubin at that time. The written instrument of February 27 spelled out the pension plan in definite terms. The general rule is that the recitals of a written instrument as to the consideration is not conclusive, and it is competent to inquire into the consideration and show by parol evidence the nature of the real consideration. Roberson v. Keck, (Tex.Civ. App.), 135 S.W.2d 256, (Error Dismissed). Texas Company v. Tucker, (Tex.Civ.App.), 129 SW.2d 762, (Error Refused), Cochell v. Cawthon, (Tex.Civ.App.), 110 S.W.2d 636, (Error Dismissed). See 32 C.J.S. Evidence § 948, p. 869.

The parol evidence showed that the prior repeated promises of security constituted a part of the agreement between the parties. The written instrument had the effect of putting this series of oral promises into operation, and reduced the plan to specific terms. Under this record the written instrument was only a part of the entire agreement between Rubin and Adams. We, therefore, are of the opinion the parol evidence offered was admissible.

We are next concerned with the basic question of whether or not the written contract is supported by consideration. It was stipulated that Adams was employed by Rubin in February of 1944 under an employment contract on a month-to-month basis, with each employment month commencing on the fifteenth day of each month and ending at the close of the fourteenth day of the next succeeding month. Aside

from the general oral promises of security made over the years, Rubin made a final oral promise of a $400.00 per month pension in the first part of February of 1959. Adams placed the time of this last oral promise around February 6 or February 9 of 1959. It is uncontroverted this last oral promise, which was reduced to writing by the letter of February 27, 1959, was made prior to the beginning of the last month of Adams' employment of February 15. This fact is alluded to in the letter itself.

■ As a general rule, it has been held that where the employer had a pension plan and the employees knew of it, continued employment constituted consideration for the promise to pay the pension. 42 A.L.R.2d, page 467, and cases cited therein. This general rule has been followed in Texas. Texas & N. O. R. Co. v. Jones, (Tex. Civ.App.), 103 S.W.2d 1043, (Writ Refused). The court there cited and expressly adopted the following conclusion of the trial court:

"That the offer made under said pension system was an inducement to the company's employees to remain in its service and render to it the long continued faithful service, giving their entire time to its service, as required, in order to reap the benefits offered under said pension system, and that the rendering of the long continued faithful service of its employees as required by it, was a benefit to the railroad company, and that the offer and acceptance by performance constituted a mutual consideration."

■ In our opinion the uncontroverted facts of this case bring it distinctly under the holding of the Jones case. Oral promises of a pension or security have been made to Adams on many occasions. Adams positively testified he relied on such promises and continued to remain in the employment of Rubin because of this inducement. Adams' long service was obviously a benefit to his employer.

Appellant relied on Shear Co. v. Harrington, (Tex.Civ.App.), 266 S.W. 554, to support his contention that the contract is not supported by consideration. That case is distinguishable on the facts and is not controlling here. There the private pension was orally promised for the first time within the last monthly work period, and the court found there was no affirmative showing the employee relied on the offer nor did he accept it. In fact the employee expressed a desire not to retire and offered his services in the future when needed. Under the record in that case the court correctly held that the written instrument contained the full agreement between the parties, and that the instrument only cited a past consideration which will not support a subsequent promise to confer a benefit.

After carefully considering this record we conclude the written instrument before us was supported by valuable consideration and that it is enforceable.

■■ By the last point of error appellant contends the trial court erred in assessing costs against it in count number one on the promissory note on the ground the amount recovered was far less than the amount sued for. The petition alleged the balance due on the $5,000.00 note was $3,163.17. The parties stipulated the unpaid balance due was $2,713.17, and judgment was entered for the latter amount. The matter of assessing costs is within the sound discretion of the trial court. Copeland v. Bennett, (Tex.Civ.App.), 243 S.W. 2d 264, Rule 131, Texas Rules of Civil Procedure. Under the circumstances, no abuse of discretion is shown.

The judgment of the trial court is accordingly affirmed.

Affirmed.