### SAN ANTONIO HOUSING AUTHORITY, Appellant,

v.

### David UNDERWOOD, Individually, and on Behalf of the Estate of Odie Underwood, Deceased, Appellee.

### No. 04–88–00640–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 20, 1989.

Tim Daniels, Daniels & Daniels, Edward R. Finck, Jr., Clemens, Spencer, Welmaker & Finck, San Antonio, for appellant.

Jeffrey C. Anderson, Filemon B. Vela, Jr., Jerry A. Gibson, San Antonio, for appellee.

Before CADENA, C.J., and CHAPA and BISSETT,* JJ.

## OPINION

BISSETT, Justice (Assigned).

This is an appeal by San Antonio Housing Authority, defendant in the trial court, from a judgment which assessed court costs against it and in favor of David Underwood, Individually, and in behalf of the Estate of Odie Underwood, Deceased, plaintiff in the trial court. We affirm. The parties from henceforth will be referred to as "plaintiff" and "defendant," as they appeared in the trial court.

Plaintiff filed suit on November 25, 1986. He sought monetary damages which allegedly arose out of the personal injuries sustained by Odie Underwood on or about May 18, 1986 while she was a tenant of Tarry Towne Apartments, which are owned by defendant. The basis of the lawsuit involved the alleged failure of defendant to adequately control the temperature of the hot water units in the apartment where the decedent lived, which failure caused the water emitting from the hot water heater to be excessively hot and caused the decedent, while drawing water for a bath, to suffer second degree burns over twenty-five percent of her body. The burns eventually caused her death. Trial was to a jury. It returned a verdict on July 1, 1988, favorable to plaintiff in the amount of $100,050.00. Plaintiff subsequently agreed to accept a verdict in the amount of $100,000.00.

Defendant delivered a check, payable to the order of plaintiff and his attorney, in the amount of $100,000.00 to plaintiff on July 29, 1988. This check was accepted and cashed by plaintiff. Contemporarily with the delivery of the check, an instrument, entitled "RELEASE OF ALL CLAIMS" was signed by plaintiff (and his attorney) and delivered to the defendant. Plaintiff, in consideration of the settlement of the lawsuit against defendant and the payments to him of the said sum of $100,-000.00, in writing agreed to:

> [r]elease, acquit and forever discharge San Antonio Housing Authority, ... from any and all liability now accrued or hereafter to accrue on account of any and all claims or causes of action ... for personal injuries, damages to property, loss of services, medical expenses, losses or damages of any and every kind or nature whatsoever ...

> \* \* \* \* \* \*

> [t]o indemnify and hold harmless the said Housing Authority ... against any and all further claims or damages, costs and expenses arising out of said accident ...

Plaintiff also signed a release which appears on the back of the check. That release reads:

> The undersigned completes (sic) release and settle (sic) with San Antonio Housing Authority for all claims arising from the May 17–18, 1986 accident described in Cause No. 86–CI–21409, David Underwood, Individually and on behalf of the Estate of Odie Underwood, Deceased vs. San Antonio Housing Authority.

Defendant then filed a motion that the trial court "enter a take nothing judgment and dismiss this cause because Plaintiff and Defendant have settled all their disputes ..." A take nothing judgment was signed on October 18, 1988. That judgment ordered: "all costs of court are taxed against Defendant San Antonio Housing Authority." The costs of court amounted to $3,463.25.

■ Defendant presents three points of error. It contends in its second point that the trial court erred in taxing court costs

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. sec. 74.003(b) (Vernon 1988).

against it because of the settlement of the case and the release, and, therefore, the ruling by the trial court is against the great weight and preponderance of the evidence. The point has no merit. Whether the assessment of court costs against defendant was against the great weight and preponderance of the evidence is not the applicable standard of review in this case. A trial judge has discretionary authority to assess court costs against either of the parties or to apportion such costs between them in a fair and equitable manner. *See Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 294 (1959). The controlling question in this case is: Did the trial judge abuse her discretion in taxing the court costs against defendant? Abuse of discretion is the proper standard of review.

Defendant does not contend in the second point that the trial judge abused her discretion in taxing the court costs to it. Nor does it argue that the ruling constituted an abuse of discretion. Moreover, defendant's prayer is inconsistent with the point; it asks only that the judgment of the trial court as to court costs be reversed. Defendant's second point of error is overruled.

■ Defendant's first point of error reads:

The trial court erred in assessing costs of court against appellant because the parties entered into a contract, release of all claims agreement, whereby appellee agreed to accept one hundred thousand dollars ($100,000.00) and released appellants of all claims in consideration of settlement payment; therefore, as a matter of law, costs of court should be assessed against appellee.

The taxing, or assessment, of court costs is governed by TEX.R.CIV.P. 131 and 141. They provide:

Rule 131. The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

Rule 141. The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules.

In the case at bar, plaintiff was the *successful* party in the litigation. The take nothing judgment, under the circumstances, was merely the vehicle, rendered pursuant to defendant's request, that removed the case from the docket. Had a judgment been rendered on the verdict, the judgment, as reduced by the sum of $50.00, under applicable law, hereafter detailed, would have decreed a recovery by plaintiff of the sum of $100,000.00 as damages.

It is settled law in Texas that the assessment of court costs is a matter within the sound discretion of the trial court, and will not be disturbed on appeal unless there is a clear abuse of discretion. *Hill v. Robinson,* 592 S.W.2d 376, 385 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Rubin v. Adams,* 368 S.W.2d 42, 45 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.).

■ Texas courts attempt to ascertain and give effect to the true intention of the parties to release, and construe the release in light of the facts and surrounding circumstances as shown by the record. *Crawford v. Kelly Field National Bank,* 733 S.W.2d 624, 627 (Tex.App.—San Antonio 1987, no writ); *Houston Oilers, Inc. v. Floyd,* 518 S.W.2d 836, 838 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). When construing a contract, a court should give effect to the intention of the parties as expressed or as apparent in the writing. *Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 382 (Tex.1985).

The basis for the take nothing judgment rested on the understanding that plaintiff had accepted the $100,000.00 in lieu of the verdict of the jury, which he agreed to reduce by $50.00. The "Release of All Claims" instrument recites that plaintiff, in consideration of the payment of $100,-000.00 to him by defendant released defendant from all claims for "personal injuries, damages to property, loss of service, medical expenses, losses or damages of any and every kind or nature whatsoever" arising out of the acts or omission of defendant made the basis of the lawsuit. No mention is made of court costs in the "release" provisions of the instrument. The check endorsement release does not provide for the payment of court costs by anyone.

None of the items set out in the "releasing" portion of the "Release of All Claims" instrument can be construed to include court costs. That court costs were not meant to be covered by the "Release of All Claims" is further supported by the indemnification provision contained therein, whereby plaintiff agreed "to indemnify and hold harmless the said Housing Authority of the City of San Antonio ... against any and all *further* claims or damages, *costs and expenses ...*" (Emphasis supplied). Plainly this language does not apply to this cause upon which the jury rendered its verdict. However, the inclusion of the phrase "costs and expenses" in the indemnification provision, and the absence of such language in the release of claims arising out of this trial indicate that costs of court in this action were not to be covered by the release.

It is stated in 16 TEX.JUR.3d, *Costs*, § 6 (1981) at p. 18:

It is without merit to contend, on the basis of the rule [1] that contemplates that the successful party to a suit is the one who obtains a judgment of a competent court vindicating his claim of right, civil in nature, that there can be no successful party when the suit is compromised and settled by the parties and terminated by an agreed judgment.

Likewise, it is without merit to contend on the basis of Rule 131 that there can be no successful party when the suit is compromised and settled by the parties and the litigation is terminated by the rendition of a take nothing judgment, which is rendered after the jury has returned a verdict that is in excess of that permitted by law. In the instant case, the Texas Tort Claims Act limited the defendant's liability for money damages to $100,000.00. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 101.023(b) (Vernon Supp.1989).

Court costs are expenses incident to litigation. *McClung v. Watson*, 165 S.W. 532, 536 (Tex.Civ.App.—Amarillo 1914, no writ). Court costs are fees and charges required by law to be paid to the courts or some of their officers, and are incurred pursuant to

the expenses of litigation. *See Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523 (1961).

Rule 131 provides that the successful party recover all incurred court costs. Rule 141 grants the court discretionary authority to award costs in a manner inconsistent with Rule 131 only if the court finds good cause for such a ruling; the court must, however, state the reasons for such ruling in the record. *Perez v. Hernandez*, 658 S.W.2d 697, 702 (Tex.App.—Corpus Christi 1983, no writ). In this case, the trial court simply adhered to the mandate of Rule 131. Rule 141 does not apply to this case. It would have applied if the court had ruled that court costs should be assessed against plaintiff. In any event, the court order assessing court costs against defendants in this case is not only mandated by law, but constituted a proper exercise of its discretion. The first point of error is overruled.

The judgment is affirmed.

CARDENA, Chief Justice, concurring.

I agree that the judgment should be affirmed but I am not prepared to agree that rendering judgment which is against the great weight and preponderance of the evidence is not an abuse of discretion.