TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00631-CV






First Air Express, Inc. d/b/a FAE Transportation, Appellant



v.



Kathryn Wilkinson, Individually and as Representative of the Estate of Richard


Wilkinson; and Julie Wilkinson as next friend of Rachel


Wilkinson, a Minor, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 99-06198, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






 First Air Express, Inc. ("FAE") appeals complaining of the portion of the final
judgment that ordered it to pay a portion of the Wilkinsons' costs. FAE contends that the district
court abused its discretion because its ruling regarding costs incorporated into the final judgment
resulted in a judgment that did not conform to the parties' settlement agreement. Alternatively, FAE
contends that the court was not required to assess costs against FAE because the Wilkinsons were
not successful parties. We will affirm the judgment.


Background


 On January 24, 2000, the Wilkinsons' wrongful death and survival action was called
to trial. During a hearing on pretrial motions just before jury selection, the parties announced a
settlement on the record, which the district court approved. The parties, however, could not agree
about how to allocate costs. They did agree to present their arguments to the district court and have
the court resolve the allocation of costs issue. The Wilkinsons filed a motion for payment of costs
contending that they were successful parties and were entitled to have FAE pay their costs pursuant
to Texas Rule of Civil Procedure 131. (1) FAE responded to the motion and argued that the Wilkinsons
were not successful parties and suggested that each party be responsible for its own costs.
Additionally, FAE argued that the settlement amount it agreed to pay the Wilkinsons included costs. 
The district court did not agree with FAE's arguments and following a hearing on the matter ruled
that FAE pay eighty percent of the Wilkinsons' costs, $10,281.56. The district court added its ruling
to the parties' submitted agreed judgment and signed the final judgment. (2) FAE timely filed a motion
to modify, correct or reform the judgment raising the same arguments it presented at the hearing. 
The motion was overruled by operation of law.

 FAE now contends that the district court abused its discretion by ruling that it must
pay a portion of the Wilkinsons' costs because the district court's ruling effectively added a term to
the parties' settlement agreement. FAE argues that the district court had no authority to alter the
terms of the parties' settlement agreement. Additionally, FAE contends that the Wilkinsons were
not successful parties under the law and therefore were not entitled to recover their costs under Rule
131.



Discussion


 The allocation of costs is a matter for the trial court's discretion, and such allocation,
whether holding each party responsible for their own costs or apportioning costs among the parties,
will not be disturbed on appeal unless the court abused its discretion. San Antonio Housing Auth.
v. Underwood, 782 S.W.2d 25, 27 (Tex. App.--San Antonio 1989, no writ) (citing Jones v.
Strayhorn, 321 S.W.2d 290, 294 (Tex. 1959)); Hill v. Robinson, 592 S.W.2d 376, 385 (Tex. Civ.
App.--Tyler 1979, writ ref'd n.r.e.).

 We first address FAE's argument that the district court's ruling added a term or
altered the parties' settlement agreement. The parties agreed to resolve the substance of the lawsuit
by the terms set out in the parties' settlement agreement. Their agreement, however, did not include
any reference to allocation of costs. In fact, based on the arguments presented by counsel at the
hearing, the parties could not agree among themselves how to allocate costs and decided to go before
the district court and have the court decide the issue. The district court's ruling allocating costs was
unrelated to the issues addressed in the parties' settlement agreement, therefore, the court's ruling
regarding costs in no way added to or altered the terms of the parties' settlement agreement.

 We next address the issue of whether the Wilkinsons were successful parties under
Rule 131. A "successful party" is defined by caselaw as one who obtains a judgment of a competent
court vindicating a civil claim of right. Operation Rescue v. Planned Parenthood, Inc., 937 S.W.2d
60, 86 (Tex. App.--Houston [14th Dist.] 1996, no writ) (citing Perez v. Baker Packers, 694 S.W.2d
138, 143 (Tex. Civ. App.--Houston [14th Dist.] 1985, no writ)). FAE contends that there has been
no vindication of a civil claim of right since the suit was resolved before trial, therefore, none of the
parties could be considered a successful party.

 The Underwood court noted:


It is without merit to contend, on the basis of [Rule 131] that contemplates that the
successful party to a suit is the one who obtains a judgment of a competent court
vindicating his claim of right, civil in nature, that there can be no successful party
when the suit is compromised and settled by the parties and terminated by an agreed
judgment. 



Underwood, 782 S.W.2d at 28 (quoting from 16 Tex. Jur. 3d, Costs, § 6 (1981) at p. 18). We agree.
The agreed judgment in this case reflects that FAE is paying money to the Wilkinsons. If the district
court in fact found that the Wilkinsons were successful parties, then such a finding was not an abuse
of discretion.

 We hold that FAE has failed to show that the district court abused its discretion in
ruling that FAE pay a portion of the Wilkinsons' costs in the amount of $10,281.56. FAE's
contentions are overruled and the judgment is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: May 17, 2001

Do Not Publish
1.   Rule 131 provides, "the successful party to a suit shall recover of his adversary all costs
incurred therein, except where otherwise provided." Tex. R. Civ. P. 131.
2.   Because there was a minor involved and money was to be paid into a trust for the minor's
benefit, the parties had the court sign an agreed judgment rather than simply an order dismissing the
case.



lter the
terms of the parties' settlement agreement. Additionally, FAE contends that the Wilkinsons were
not successful parties under the law and therefore were not entitled to recover their costs under Rule
131.