## MILLINGAR et ux. v. FOSTER. (No. 7725.)*

Court of Civil Appeals of Texas. San Antonio. March 16, 1927.

Rehearing Denied April 6, 1927.

**1. Mortgages ⬦�266275—Owner of land subject to lien cannot convey estate therein free from lien.**

Owner of land subject to outstanding lien can convey no estate therein free from lien.

**2. Landlord and tenant ⬦�266 95—Tenant with notice of lien takes lease subject to termination of his tenure by foreclosure of owner's estate.**

Tenant who leases land with actual or constructive notice of lien takes subject to termination of tenure by foreclosure of owner's estate; tenant being required to attorn to purchaser at foreclosure sale to hold benefits under lease.

**3. Mortgages ⬦�266548—After foreclosure of trust deed of which tenant had constructive notice, tenant was required to account for crops to purchaser at foreclosure sale to avoid liability for rent.**

Tenant who entered into lease with constructive notice of trust deed, which had been foreclosed, was required to account to purchaser at foreclosure·sale for crops, not to former owner, to protect himself from liability for rent after title had passed.

**4. Appeal and error ⬦�266 1177(6)—Cause would be remanded for new trial on reversal, where development of issues might defeat appellant's recovery.**

Where on reversal pleadings presented questions which might on development defeat recovery by appellant, cause would be remanded for new trial.

Appeal from Medina County Court; R. J. Noonan, Judge.

Action by D. C. Millingar and wife against Robert Foster. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

V. H. Blocker, of Hondo, and Jas. D. Crenshaw, of San Antonio, for appellants.

Briscoe & Morris and David C. Brown, all of Devine, and L. J. Brucks, of Hondo, for appellee.

SMITH, J. In the year 1920 C. M. Thompson executed a deed of trust, in which he conveyed certain lands owned by him in Medina county to a trustee, to secure his obligation to another. This instrument was duly recorded. On November 7, 1922, the deed of trust lien was foreclosed in a district court of Bexar county, and the land ordered sold under that foreclosure. On December 1, three weeks after the rendition of the judgment of foreclosure, Thompson, the owner and mortgagor, leased the land to Robert Foster for the coming crop year of 1923. Foster went into possession and made a crop on the land under the terms of that lease, in which it was provided that he should farm the place on shares and appropriate the proceeds of Thompson's share towards the satisfaction of certain obligations the latter owed to him. The crops grown on the place during the year were harvested in November and December, 1923, and Foster, the tenant, appropriated the proceeds from the sale of the entire crop, including the landlord's share, to his own use, in accordance with his prior agreement with Thompson, the landlord. In the meantime, on May 1, 1923, however, the land was sold in accordance with the judgment of foreclosure rendered in November, 1922, and at this forced sale was purchased by D. C. Millingar. In December, 1925, Millingar brought this action against Foster, the tenant, to recover the rental value of the land for the year in question, 1923, alleged to be $2.50 per acre. The trial court rendered judgment against Millingar, the purchaser at the foreclosure sale, holding that the rental agreement between Thompson and Foster was binding, and created between them the relation of landlord and tenant, that Millingar purchased the land with knowledge of Foster's possession as a tenant, and that with this knowledge was put upon inquiry to ascertain Foster's equities, and, having failed to pursue the inquiry, he is now without remedy. Millingar has appealed. From this statement it will be seen that the appeal raises the question of the rights of a lienholder in land which had been leased to others by the mortgagor during the existence of the lien.

---

[1, 2] It is a matter of course that the owner of land which is subject to an outstanding lien can convey no estate therein free of the lien. He may sell the land, or lease it, or burden it with any character of incumbrance, but he cannot by such acts impair the rights of the holder of the existing lien. And any person who purchases or leases the land, or procures an incumbrance thereon, with actual or constructive notice of the lien, takes subject thereto as a matter of course. When a third party leases the land with notice of the lien, as in this case, he takes the lease subject to the lien, and with the knowledge that his tenure terminates with the foreclosure of the lien and sale thereunder to another, at the option of the purchaser; and in the absence of some agreement to the contrary, which is not present in this case, he must attorn to the purchaser if he would hold the benefits and rights accruing to him under his lease with the prior owner.

[3, 4] In this case the tenant entered into the lease with at least constructive notice of the lien, which had actually been foreclosed when he obtained his lease with the owner. He knew, before he planted or gathered his crops, that the lien could be foreclosed, the land sold, and the title placed in another freed of his lease; that in any event his grantor's interest in the property and relation of landlord would terminate and that of another intervene. And when he gathered his crops he should have utilized this knowledge and accounted to the purchaser at the foreclosure sale, and not to the former owner, whose interest in the land had been long since fully terminated. These conclusions require the reversal of the judgment, which was based upon the assumption that the purchaser obtained no right to such accounting, but as the pleadings below present the question of estoppel, and other questions which may in a trial upon those theories defeat recovery by appellant, the cause will be remanded for another trial.

Reversed and remanded.