456

5213                                    414 S. W. 2d 85

Opinion delivered May 1, 1967

(No brief for appellant).

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

Carleton Harris, Chief Justice. Robert Thorn, appellant herein, was accused of the crime of possessing stolen goods of the value of more than $35.00, the item being a 1955 Ford Fairlane automobile. On trial, he was convicted, and the jury fixed his punishment at one year in the penitentiary. From the judgment so entered, appellant brings this appeal.[1]

---

[1]The attorney who tried this case obtained the order for an appeal to this court, but he has not filed a brief. The Attorney General has briefed the case in accordance with our Rule 11(f) & (g), basing his brief on alleged errors which were asserted in the motion for trial.

For reversal, it is first argued that, "The trial court erred in permitting witnesses to testify on behalf of the state who were not made known to appellant prior to the trial." This point is based upon the contention that counsel for appellant only learned of three or four of the witnesses on the day of trial. We find no merit in this argument. In the first place, though not at all clear, it appears that the additional names were added to the list shown on the Information on the 19th of January, 1966, and appellant was not tried until January 25, 1966. Whether notified or not by the sheriff or prosecuting attorney, it does appear that the list was available, and the record does not reflect that counsel for appellant made any effort to contact officials for the purpose of ascertaining the names of additional witnesses. At any rate, the statutory requirement is merely directory. *Baker* v. *State,* 215 Ark. 851, 223 S. W. 2d 809. In *Norton* v. *State,* 237 Ark. 783, 376 S. W. 2d 267, the prosecuting attorney had furnished the names of all state witnesses, except Katy Thompson, the prosecutor telling the defense counsel that he could not recall her name, and would furnish it later. This was not done, and, on appeal, this failure was cited as error.

We said:

"In fact, however, the prosecuting attorney overlooked the matter of communicating the requested information to the defense attorney before the trial. Even so there was no error in permitting Katy Thompson to testify, for the defense could have learned her identity simply by making a telephone call to the prosecuting attorney or to Keith. In the circumstances it cannot be said that the State unfairly produced a surprise witness."

It might also be stated that there was sufficient evidence to convict Thorn without using the witnesses complained of, their testimony being largely cumulative.

Appellant contends that the court erred in over-ruling his motion for a directed verdict of not guilty, i. e., he contends that the evidence was insufficient to sustain the verdict. We do not agree.

Jimmy Rogers testified that his car was stolen, and that the car returned to him by the sheriff belonged to him. The value of the car was considerably more than $35.00.

Earl Orr, state trooper, heard a radio report that a red and white Ford Fairlane had been stolen, and, while passing through Arkadelphia, he observed an automobile, answering this description, parked near a restaurant. Two men were in the vehicle, one in the front, and one in the back. The officer drove one block, made a call to check the number of the license tag on the stolen car, received the information, and started back to the automobile, but it had been driven away, though Orr could see it some distance ahead. He started in pursuit, but lost sight of the vehicle while making a curve. Resurfacing of the highway was in progress, and one lane of traffic was blocked with barricades. The occupants of the Ford were forced to stop, and Orr observed three men running from the car. They ran across a field and into some woods. Other officers were notified, and a search was made in the area, the officers later obtaining bloodhounds from the State Prison. Shortly after midnight, two of the men, including Thorn, were located about twenty yards off a gravel road, lying in a sage grass field. This was about five or six miles from where the automobile had been abandoned. Orr identified Thorn as one of the men he had observed in the car.

Ike Dawson, an employee of Reynolds Metals Company, testified that as he was on his way to town he observed a red and white Ford on the highway; that this automobile stopped quickly and three men jumped

out and ran over into the woods; that within seconds a state police car drove up and stopped behind the Ford.

Richard McElhannon testified that he was working on a fence in front of his home, and observed three men come out of the woods:

"* * *So I stood still and watched them, and they climbed over the fence and sat down, and a couple of them pulled off their shoes and dumped something out; and then my little dog was out in the road barking at them. One of them finally got up; I guess it must have been three or four or five minutes, maybe, and came down toward where my truck was parked, which evidently they hadn't seen before, and takes a look around and out down the road; doesn't see anything; slips on a pair of cotton gloves and heads for my truck. Well, that's when I stepped out from where I was, and asked him what he was doing. He asked me the way back to Arkadelphia, and I told him the way back to Arkadelphia, but not with my truck. So he went on back out in the woods and all three climbed back over the fence and left."

Rick Emory, who had charge of the bloodhounds, was present when the two men were located in the sage, and he identified Thorn as one of them.

Sheriff Witt Stevenson, Sheriff of Clark County, also engaged in the search for the men, and was present when they were apprehended. He identified Thorn as one of the two, stated that the men were tired, hungry and thirsty, and that their clothes were torn.

Lt. Herrell Porterfield of the state police likewise was present when Thorn was apprehended.

Thus, appellant was identified as being one of the persons in possession of the automobile, was identified in the vicinity of the abandoned car by a farmer, identi-

fied as one of the persons running away from the vehicle, and was placed under arrest after being trailed by the bloodhounds to his hiding place.

Orr testified during the trial that when Thorn was arrested and searched, he had several hundred dollars in bills on his person. There was no objection to this testimony by appellant, and in his closing argument, the prosecuting attorney said:

"*** We had better stop these men running around the countryside filling their pockets with money, and I say unlawfully."

This statement was objected to, and appellant moved for a mistrial. The motion was denied, but the trial court told the jury that Thorn was not being tried for larceny of money, and the possession of the money could not be considered unless it shed light on the theft of the automobile. No prejudice could have resulted to appellant, and, for that matter, no objection having been made when the testimony was given, the prosecuting attorney was actually commenting on the evidence.

Finding no reversible error, the judgment is affirmed.

BROWN, J., disqualified and not participating.