**Wayne McDONALD et al., Appellants,**

v.

**Tyler D. TODD et al., Appellees.**

**No. 626.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 24, 1972.

Rehearing Denied June 14, 1972.

John O. Hoyt, A. Michael Kahn, Jr., Humble, for appellants.

Kenneth R. Wynne, Bracewell & Patterson, Houston, for appellees.

BARRON, Justice.

This suit was brought by Tyler D. Todd against Wayne McDonald and Ralph W. Braden on a promissory note in the alleged balance due of $3,500.00. The note represented the purchase price for Todd's ". . . entire right, title and interest in and to all of the office furniture and furnishings located in the Inverness Forest Subdivision Sales Office at 21614 Greenbrook, Houston, Harris County, Texas, and to the sale of homes located in the Inverness Forest Subdivision, . . .". The sales office was actually the property of Harris County Land Company, and although Todd occupied the office at the time the promissory note was executed, his occupancy was terminable at the will of Harris County Land Company, in which Todd owned no interest. The defendants

had worked for Todd from January until May of 1970, when defendants took possession under the alleged sale as above.

Subsequently, acting pursuant to unquestioned authority, Harris County Land Company evicted McDonald and Braden from the sales office, at which time defendants discontinued payments to Todd on the note.

Summary judgment was entered in favor of Todd by the trial court in accordance with the terms of the note, for the principal sum of $3,500.00, with interest and attorney's fees, and in favor of certain cross-defendants named below. Hence, this appeal by McDonald and Braden as appellants.

Appellants pleaded affirmatively partial failure of consideration and fraud, and in addition, filed a cross-action against Todd, Harris County Land Company, a corporation, Donald McGregor, Jr. and Doyle Stuckey, alleging a conspiracy on the part of said cross-defendants to put appellants out of business, to terminate their business as central sales agents of Inverness Forest Subdivision, and to cancel the original $6,000.00 note, the balance of which was originally sued upon.

Appellants have brought forward four points of error essentially claiming that there are controlling fact issues involved in the case and that summary judgment was improper.

Apparently, on hearing of this summary judgment motion, it was announced to the trial court that the original of the note had been mislaid, but that it would be produced at the proper time. This was apparently not done. However, Todd made an affidavit stating that an accurate reproduction of the note was tendered, and that he (Todd) was the present owner and holder of such note, which had never been assigned or transferred in any manner. Moreover, the appellants admitted executing and delivering such note payable to the order of Todd. See Perkins v. Crittenden, 462 S.

W.2d 565, 567 (Tex.Sup.1970). Whether the above establishes the note and obligation in the hands of Todd as a matter of law is doubtful in the absence of an indemnity provision, or some similar safeguard in the judgment of the court for the protection of appellants. However, we do not base our decision on the above matters.

■ The summary judgment evidence shows from the depositions of McDonald and Braden, duly brought forward in this record, that material fact issues exist on the question of liability. Their testimony shows specifically that they were told by Todd that, under the sale, appellants had the right to use and occupy the sales office until all houses were sold in Inverness Forest Subdivision, and that the right to use the sales office until such time was unequivocally included in what appellants bought from Todd. There was nothing in writing shown to authorize Todd's use of the office, though this was not known by appellants.

■ The owner of the sales office was Harris County Land Company, which dispossessed appellants through its President, a Mr. McGregor. There was, however, a proposed contract in writing, by which Todd attempted to sell appellants similar rights at a total price of $21,250.00. In that contract it was stated on page three of the agreement, that ". . . all parties recognize that Harris County Land Co. own (sic) the sales office structure and that upon the request of the owner the property must be vacated within 30 days." However, the testimony further shows that when appellants reached the figure of $21,250.00 they read little further, that such price was "ridiculous", and that neither of them read, nor were they required to read, the entire contract or the above provision explaining ownership and possession of the office. Both testified that they did not read it and that it was not mentioned to them. It was not until later, in the offices of their attorney, that they became familiar with such provision. The

latter was after they had been ousted from the sales office. Both appellants testified that Todd led them to believe that he had the effective right to contract with them as above stated. They both testified that the right to sell houses in Inverness Forest is of no value if the sales office, on location, is taken away. The proposed contract above was never executed, and so far as we can determine, the note was the only written instrument involved in the transaction. Consideration may here be shown by oral testimony. Taylor v. Merrill, 64 Tex. 494, 496 (Tex.Sup.1885); Rubin v. Adams, 368 S.W.2d 42, 44 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.).

We believe that fact issues have been raised by appellants on their affirmative defenses. Where appellee (Todd) moves for summary judgment in an action in which the appellants have pleaded affirmative defenses, appellee's motion cannot be sustained when his opponents, appellants, show that there are disputed fact issues upon the affirmative defenses. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (Tex. Sup.1958); Tunks, Texas Summary Judgment Practice, 13 S.Tex.Law J. 3–4 (1971). In this instance the negative burden of proof usually falling on the movant, Todd, does not apply, at least so far as the production of evidence is concerned.

■ The summary judgment evidence shows, without dispute, that in taking possession of the sales office, Harris County Land Company, Donald McGregor, Jr., and Doyle Stuckey were exercising a right to which they were entitled, i. e., taking possession lawfully of property belonging to a corporation owned by them. We see no possible liability on the part of said cross-defendants, and that portion of the judgment is therefore affirmed.

For the reasons above stated, the summary judgment in favor of appellee, Todd, is reversed and remanded, and the summary judgment in favor of the above cross-defendants, Harris County Land Company, Donald McGregor, Jr., and Doyle Stuckey, is affirmed. The actions are severed accordingly.