LAKEWAY COMPANY, Appellant,

v.

LEON HOWARD, INC., Appellee.

No. 1242.

Court of Civil Appeals of Texas, Tyler.

Feb. 8, 1979.

Rehearing Denied March 22, 1979.

Mike Willatt, Fisher & Willatt, Austin, for appellant.

Malcomm Robinson, Hooper, Robinson & Moeller, Austin, for appellee.

MOORE, Justice.

Appellee, Leon Howard, Inc., filed suit against appellant, Lakeway Company, to recover an amount allegedly due and owing under a contract to perform architectural services in connection with the construction of a golf course. Lakeway Company answered with a general denial. After a trial before the court, without a jury, the court entered judgment in favor of appellee, Leon Howard, Inc., for the sum of $2,443.75, together with attorney's fees in the amount of $815.00, from which judgment appellant Lakeway perfected this appeal.

We affirm.

The record reveals that Charles Howard and his brother, Leon Howard, were engaged in the business of designing golf courses and operated under the corporate name of Leon Howard, Inc. In 1966, after they had designed an 18-hole golf course for Lakeway, they were again employed by Lakeway to design another 18-hole course. On October 23, 1969, the parties entered into a written contract whereby Lakeway agreed to pay them $18,000.00 for their services. Under the terms of the contract, $2,000.00 was to be paid when the preliminary routing plan was approved: 25% of the fee less the $2,000.00 was to be paid at the time Lakeway requested detailed plans and specifications; 50% of the fee was to be paid when the detailed plans and specifications were approved, and the remaining 25% was payable as the construction progressed. Charles Howard testified that as a part of the consideration, he and his brother were to receive a $2,500.00 discount on two $5,000.00 lots at Lakeway. The written contract, however, did not specify that such agreement was included as a part of the consideration.

At the trial, counsel for appellant objected to this testimony on the ground that it was in violation of the parol evidence rule. In response to the objection the court announced that the objection would be sustained until such time as appellee showed that such agreement came within an exception or was a collateral agreement with the written contract. Appellee then introduced several exhibits tending to show that Lakeway agreed to the discounts on the two lots. These exhibits will be discussed later.

On cross-examination counsel for appellant asked the witness Charles Howard this question: "Now are you saying that initially part of the compensation you would receive for doing the duties into this contract would be a $5,000 discount on the 2 lots at Lakeway"? The witness answered in the affirmative.

Howard further testified that shortly after the written contract had been signed he received a letter from Lee Blocker, the President of Lakeway, stating that he had always wanted both of the Howard brothers to live at Lakeway and that he was therefore offering both of them a $2,500.00 discount on two lots. Significantly, this letter was dated on October 24, 1969, the day after the written contract was signed.

Commencement on the construction of the golf course was delayed due to the fact that Lakeway experienced some difficulty in deciding where the golf course was to be located. In 1971, after Lakeway had changed plans on the location of the golf course twice, Howard testified that he redrew the plans at no extra charge. Thereafter he testified that in a telephone conversation with Colonel James T. Gribble, Executive Vice President of Lakeway, he requested that the $5,000.00 discount on the two lots be treated as additional consideration for the original contract. The evidence shows that in response to this request, Howard received a letter from Colonel Gribble stating:

"For the moment, it is our intent to continue the contract under those terms, however, we have not ruled out the possibility of considering your proposal relative to return of the lots to us with cash in lieu thereof."

Howard testified that in a subsequent telephone conversation Colonel Gribble told him that the $5,000.00 discount on the two lots

would be "re-included" as a part of the consideration on the original contract. Thereafter, between September 22, 1971, and October 12, 1973, appellee billed Lakeway for services performed on the contract by five separate invoices. In each invoice, it was recited that the original contract was in the amount of $18,000.00 and immediately below, each invoice recited "adjustment for discount offer on lots—$5,000.00." Each invoice showed that the $5,000.00 was added to the original contract for a total of $23,000.00 and recited that such figure was the total adjusted fee. It is undisputed that Lakeway paid each of the invoices based on a total contract price of $23,000.00. In all, Lakeway paid appellee the sum of $20,556.25.

On February 7, 1977, Lakeway wrote appellee a letter advising that the contract was terminated and that no further payments would be made. According to the letter, Lakeway took the position that since it had stopped construction and the contract provided for monthly payments as construction progressed, Lakeway was not obligated to pay the balance due on the contract. The letter states that Lakeway had paid the sum of $20,556.25. The letter shows that in calculating the amount which had been paid, Lakeway used the contract price of $23,000.00 on three separate occasions.

According to Mr. Howard's testimony, all the work required by the contract had been completed by his firm at the time Lakeway terminated the contract.

Upon the request of appellant, the trial court filed findings of fact and conclusions of law. The findings of fact deemed material to this appeal were (a) simultaneously with the written agreement calling for payment of $18,000.00 for services to be rendered by plaintiff, the defendant and plaintiff had an oral agreement evidenced by letters between the parties that the plaintiff would be given a $5,000.00 discount for the purchase of a lot or lots from the defendant; (b) on or about January 27, 1972, the defendant and plaintiff agreed to incorporate the $5,000.00 discount agreement on the purchase of the lots into the employ-

ment agreement making the total consideration for the employment agreement at $23,000.00; (c) the total sum under the employment agreement to be $23,000.00 is reflected by correspondence between the plaintiff and the defendant and invoices sent by the plaintiff to the defendant and paid by the defendant; (d) the defendant made a total payment of $20,556.25 on the total contract price of $23,000.00; and (e) the plaintiff performed all of the work that it was obligated to perform under the employment contract.

Conclusions of law deemed material to this appeal were as follows: (a) the defendant still owes the plaintiff $2,443.75 under the employment agreement; (b) the plaintiff employed an attorney and incurred reasonable attorney's fees of $815.00 which should be recovered by the plaintiff in addition to the balance due by the defendant on its debt.

Under points 1 through 4, appellant seeks a reversal on the ground that there is no evidence to support the trial court's findings and the judgment based thereon. Specifically, appellant contends that there is no evidence that the parties made a simultaneous oral agreement at the time the written contract was made giving Charles Howard and Leon Howard a right to purchase two lots at a $5,000.00 discount, and further, that there is no evidence that the parties agreed to incorporate the $5,000.00 discount agreement into the employment agreement making the total consideration for the employment agreement $23,000.00. Thus, appellant argues that there is no evidence to show that it still owes the appellee $2,443.75 under the contract and therefore there was no basis for the award of attorney's fees. Appellant does not challenge the finding that appellee had performed all of the work required by the contract.

In considering appellant's "no evidence" points, we, of course, must view the evidence in its most favorable light in support of the trial court's findings, considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary to the find-

ings. *Butler v. Hanson*, 455 S.W.2d 942, 944 (Tex.1970); *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 777 (Tex.1974). Applying the foregoing rule of law to the facts, we are of the opinion that there is ample evidence to sustain the trial court's findings. Charles Howard testified both on direct and cross-examination that the oral agreement giving him and his brother a right to purchase two lots at a $2,500.00 discount was a part of the consideration for the written contract. He testified that in response to his request, Colonel Gribble, Lakeway's Executive Vice President, told him that the $5,000.00 discount promised them would be considered as a part of their fee, thereby making their fee $23,000.00 rather than $18,000.00. From and after that time, all invoices and correspondence between the parties showed that the fee for doing the architectural work on the golf course amounted to $23,-000.00. Further, all payments to the appellee show to have been calculated on the basis of a $23,000.00 contract and Lakeway actually paid appellee $2,556.25 over and above the $18,000.00 recited in the written contract.

We cannot agree with appellant's contention that the testimony of Charles Howard that the $5,000.00 discount on the lots was a part of the consideration for the written contract was not competent because such testimony was in violation of the parol evidence rule. While at one point the trial court did announce that he was going to sustain appellant's objection to Howard's testimony on that ground, the court qualified that statement and indicated that such testimony would be considered if he later found that it was admissible under some exception to the rule or that it amounted to a collateral agreement made in connection with the written contract. Apparently, the court after having heard the evidence in its entirety, concluded that the oral agreement granting the $5,000.00 discount was competent testimony and not in violation of the parol evidence rule. Otherwise the court would not have made findings to that effect as shown by findings a and b quoted above.

■ The general rule is that the recital of a written instrument as to consideration is not conclusive, and it is competent to inquire into the consideration and show by parol evidence the nature of the real consideration. *Taylor v. Merrill*, 64 Tex. 494, 496 (Tex.1885); *Texas Company v. Tucker*, 129 S.W.2d 762, 765 (Tex.Civ.App.—Fort Worth 1939, writ ref'd); *Rubin v. Adams*, 368 S.W.2d 42, 44–5 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.); *McDonald v. Todd*, 482 S.W.2d 51, 52–3 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ history).

■ The parol evidence rule does not preclude enforcement of prior or contemporaneous agreements which are collateral to an integrated agreement and which are not inconsistent with and do not vary or contradict the express or implied terms of the obligations thereof. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Arkansas Oak Flooring Company v. Mixon*, 369 S.W.2d 804 (Tex.Civ.App.—Texarkana 1963, no writ history). The foregoing rule is especially applicable where, as here, there are substantiating circumstances showing that the oral pact is one which might normally be made as a separate agreement by the parties situated as were the parties to the written contract. 2 Texas Practice, Evidence, sec. 1603, McCormick and Ray (1956).

In the present case the oral agreement granting the $5,000.00 discount is substantiated by the fact that Lakeway actually made payments in excess of the $18,000.00 stipulated in the written contract. Such payments were made on the basis of five invoices which showed on their face that the appellee was claiming that the total amount of the contract was $23,000.00 rather than $18,000.00. The fact that the oral contract was made is further substantiated by Lakeway's letter terminating the agreement. In that letter Lakeway acknowledged that the contract was for $23,000.00. The letter recites that Lakeway had paid the appellee the sum of $20,556.25, and in calculating how such payments were made, the letter recites in three places that payments were made on the basis of a $23,-

000.00 contract rather than an $18,000.00 contract.

■ The parol evidence given by Howard with regard to the promise of a discount on the two lots constituted a part of the agreement between the parties. The written instrument was only a part of the entire agreement and failed to mention that as a part of the consideration the Howard brothers were to receive a $2,500.00 discount on two lots. We are therefore of the opinion that the parol evidence offered by Howard for the purpose of showing there was additional consideration was not in violation of the parol evidence rule and was competent testimony supporting the trial court's findings.

Appellant does not challenge the finding that appellee performed all the work called for by the terms of the contract. As we view the record there is ample evidence to support each of the trial court's findings and the judgment based thereon. Appellant's points of error are therefore overruled.

Accordingly, the judgment is affirmed.