**JUDSON BUILDING COMPANY, INC. and Judco Rod Company, Inc.**

**v.**

**FIRST NATIONAL BANK OF LONG-VIEW, Nichols, Merriman, Patterson and Allison; and Rex A. Nichols.**

**Civ. A. No. M–83–114–CA.**

United States District Court,
E.D. Texas,
Marshall Division.

June 4, 1984.

Charles E. Taylor, Columbus, Ohio, for plaintiff.

Sawnie A. McEntire, Fulbright & Jaworski, Houston, Tex., Rex A. Nichols, Nichols, Merriman, Patterson & Allison, Longview, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

This matter is before the court on defendants' motion for summary judgment, brought pursuant to Fed.Rules Civ.P. 56. The plaintiffs, Judson Building Company and Judco Rod Company (Judco), were Texas corporations who formerly engaged in manufacturing building products in Judson, Texas. The First National Bank of Longview, Texas (Bank) held a deed of trust on the companies' business property. In 1983, Judco's business went bad; and the Bank foreclosed on the property. On July 18, 1983, the Bank's agents, acting under the authority of an order of a Texas Justice of the Peace, evicted Judco from the property. Judco has now brought a civil rights suit claiming the Bank and its agents violated Judco's civil rights, in that the state judge's order was issued without notice or hearing to Judco, thus depriving it of property without due process of law.

Judco originally brought this suit under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Original defendants also included the Longview law firm of Nichols, Merriman, Patterson and Allison, and attorney Rex A. Nichols individually. Oral hearing was held on the summary judgment motion on March 12, 1984, at the United States Courthouse in Marshall, Texas. At the hearing, Judco's attorney agreed to drop the Section 1985 claim, and agreed that summary judgment should be entered dismissing the defendant law firm and attorney.

Having reviewed the arguments presented at the hearing, the respective briefs of the parties, and the evidence, the court finds no culpable state action in this cause that would confer jurisdiction under Section 1983. Therefore, summary judgment will be entered for the remaining defendant, the Bank.

## I. THE FACTS

In May, 1981, the officers of Judson Building Company executed a deed of trust for their property to the First National Bank of Longview as security for a loan of $285,000. The property described in the deed consisted of the "Judson Building," a structure which served as Judco's headquarters and factory. In early 1983, Judson Building Company defaulted on its loan. After the usual legal procedures, a foreclosure sale was held on the property. At the sale, First National Bank was the high bidder, though the brother of Judson Building Company's president also bid. A trustee's deed to the Bank was then executed and recorded.

Shortly thereafter, the First National Bank sought to take possession of the property. Accordingly, letters were sent to an officer of Judco advising them to vacate the premises, and to remove all Judco property. Judco, however, took no action. Since Judco refused to move, the First National Bank filed a forcible entry and de-

tainer action in the Justice Court of Gregg County, Texas. An eviction hearing was then scheduled for July 7, 1983.

During this period of time, however, Judco was involved in a complex trial involving its business in Columbus, Ohio, a thousand miles away from Longview. An Ohio court order had been issued mandating Judco's officers' presence in Ohio during the date scheduled for the hearing. Judco's local counsel, James Wedding, therefore contacted the court and moved for a continuance from July 7th to July 14th. Wedding's motion was unopposed, and the hearing was continued.

It is the July 14th hearing, and Judco's failure to appear at the hearing, that has served as the crux of this case. The hearing was set for 10:00 a.m. that day. At approximately 9:00 a.m., Judco's attorney of record, James Wedding, checked with the court's clerk regarding the status of the hearing. He was told it was still scheduled for that morning. Wedding was in the court's offices as late as fifteen minutes before the hearing. At 10:00 a.m., however, when the Judge called the cause on his docket, Wedding was nowhere to be found. The judge proceeded to hear evidence in the case, and entered a default judgment ordering that the First National Bank recover possession of the property. A writ of possession then issued. On July 20, 1983, Ben Shirey, a vice president of the Bank, notified everyone on the property that the Bank would take possession of the building that afternoon. Shirey took over the building and changed the locks. The next day, Shirey wrote a letter to Dick Pickell, of the "Judson Rod Company" advising Pickell of his action and asking when the bank could expect Judco to come by and remove its remaining property on the premises. No answer was received. Instead, this lawsuit was filed, alleging that the Justice of the Peace's order was void, and that Judco's property had been wrongfully converted.

## II. STANDARD OF REVIEW

■ Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is only appropriate when the movant has carried the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *McKee v. McDonnell Douglas Technical Services Co.*, 700 F.2d 260, 263 (5th Cir.1983). Facts and inferences from the facts must be construed in the light most favorable to the non-moving party; and a court must be convinced that there is no evidence to sustain any recovery. *Davidson v. Stanadyne*, 718 F.2d 1334 (5th Cir.1983). Even in this light, summary judgment must be granted here.

## III. THE LAW: WHAT PROCESS IS DUE?

■ This action resembles, at least superficially, other Section 1983 actions alleging lack of proper notice and hearing in cases where creditors attempt to regain property from debtors. *See e.g. Lugar v. Edmondson Oil Co., Inc., et al,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). A cause of action under Section 1983 can only be established when plaintiffs show (1) that they have been deprived of a right secured by the Constitution of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). As in *Flagg Brothers*, this court needs to look no farther than the first requirement, as it finds that plaintiff has not alleged facts which constitute a deprivation of any right secured by the Constitution and laws of the United States. *Id.* at 156, 98 S.Ct. at 1733. For this reason, this case can clearly be distinguished from other Section 1983 actions involving debtor's procedures, where a right has been violated and the real question is whether the other requirements of § 1983 jurisdiction can be invoked.

The plaintiffs have submitted to the court that the "operative facts" of their complaint are that "under color of law pursuant to a void order of the Justice of the Peace ... the defendant [evicted and

wrongfully converted the personal property] of Judco Company, without notice, or hearing in violation of the constitutional rights of Judco." In other words, this lack of notice meant that the eviction and conversion was done in violation of plaintiffs' due process rights under the 14th Amendment. The lack of notice claim rests on two prongs: that the absence of counsel at the eviction hearing meant the order was void; and that, in any event, the hearing and resulting order were directed only toward Judson Building Company and not the separate entity, (and separate plaintiff), Judco Rod Company.

The defendant counters that there was no deprivation of due process here since there was no wrongful action taken under the state law of Texas. It claims that the Justice of the Peace's order was valid and all the bank's actions were done pursuant to that order. Furthermore, the Bank asserts that upon the foreclosure of the Judson Building on June 7, 1983, the Judco Companies became mere tenants at will, and as such, the Bank could demand possession from them at any time. Finally, the Bank states that since it never refused any demand for the return of any of Judco's property seized with the building, it cannot be held liable for conversion.

## A. THE WRONGFUL EVICTION ISSUE

■ An examination of the nature of the forcible entry and detainer hearing leads to a conclusion that it would, indeed, constitute state action under the standard laid out in *Lugar, supra.* Still, this court finds that there was nothing "culpable" in this action. Uncontroverted affidavit evidence places the blame for Judco's absence at the Justice of the Peace's hearing squarely on the shoulders of Judco itself. Its attorney simply did not show up. Moreover, it appears that Judco's counsel had advised attorney Nichols that there was no defense to the bank's claim. Though Judco may have a claim against its attorney for his failure to appear and represent it, there is nothing to indicate that the Bank caused Judco to miss this hearing, or to indicate that the Bank failed to fulfill its legal requirements. Absent that involvement, the Bank cannot be held liable for a mere unsupported allegation. *See Henzel v. Gerstein,* 608 F.2d 654, 659 (5th Cir.1979).

The plaintiffs' due process claim also alleges that even though Judson Building Company was given notice of the eviction, no notice was given to the Judson Rod Company, a different entity. Thus, it claims, Judson Rod Company's due process rights were violated. The deed of trust in question here was between the First National Bank and the "Judson Building Company." No mention was made of Judson Rod Company in this document, and there is no credible evidence to support the contention that the bank should have been aware of any other Judco entity. Even if this were so, it would make no difference. For Judson Rod Company to have had any interest in the property, other than any disclosed on the original deed of trust, it would have had to have taken the interest *subject* to the bank's interest. *See Millingar v. Foster,* 293 S.W. 249 (Tex.Civ.App. 1927). Finally, the fact that one of Judson Building Company's officers—who was clearly given notice—also was one of Judco Rod Company's officers forces a conclusion that even if the above were not true, the Rod Company had notice.

■ The deed of trust at issue here provided that upon default of the loan, the Bank could take possession of the property. In effect, then, after the foreclosure, Judco occupied the property only as a tenant at will. The law of Texas is clear that a tenancy at will can be terminated at any time. *See* 35 Tex.Jur.2d *Landlord and Tenant,* Section 29 (1962), *First National Bank v. Wallace,* 13 S.W.2d 176, 183 (Tex. Civ.App.1927), *rev'd on other grounds,* 120 Tex. 92, 35 S.W.2d 1036 (1931). The only limit on a landlord's power to terminate at will is that a landlord's actions must be reasonable in the circumstances. It is clear that as a matter of common sense, the Bank's actions were reasonable. It is uncontroverted that the Bank served a letter on Charles Hampton on June 22, 1983, informing Hampton of the foreclosure, and

asking that Judco vacate the building. This was not done. Finally, in the absence of any action by Judco, the Bank sent Ben Shirey to evict the tenants. Shirey did this by informing everyone on the premises of the Bank's right of possession, and then changing the locks. There was nothing unreasonable in these actions. *See e.g. McDonald v. Todd*, 482 S.W.2d 51 (Tex.Civ. App.1972). Since the requirements of Texas law were met, and since no unreasonable action was taken, it follows that there was no "wrongful" eviction.

## B. THE CONVERSION ISSUE

Since this court has found no wrongful eviction, as a matter of law no action for conversion can lie. When possession of property is lawful at the outset, conversion can only occur when the possessor refuses an owner's demand for return of the property. *See Norris v. Bovina Feeders, Inc.*, 492 F.2d 502 (5th Cir.1974); 15 Tex.Jur.3d, *Conversion*, Section 12 (1981). There has been no demand and refusal in the instant case. Instead, the evidence discloses the Bank's agents sent a letter to one of Judco's officers asking when Judco would pick up its property, and offered to open the building so the property could be removed. Clearly, there has been no conversion.

## IV. WHY SUMMARY JUDGMENT IS APPROPRIATE

While there is state action in this case, the first requirement of a § 1983 action—that there be a deprivation of a federal right—is absent. The crux of the matter is that no wrongful action was taken that violated either Texas law or the Due Process Clause of the 14th Amendment. Nor has there been an allegation that the state statutes relied upon by the defendant were procedurally defective. *See Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981). In sum, the defendant has done no wrong here; and as a matter of law there is no material factual dispute. It is therefore,

ORDERED, ADJUDGED and DECREED that the defendant's motion for summary judgment is hereby GRANTED, and that this cause be and is hereby DISMISSED with prejudice pursuant to Federal Rules of Civil Procedure 56(b).