**TRANSIT ENTERPRISES, INC., d/b/a West End Wrecker Service, Appellant,**

v.

**ADDICKS TIRE & AUTO SUPPLY, INC., d/b/a Addicks Firestone, d/b/a Addicks Firestone Paint & Body Shop, Appellee.**

No. 01–86–0528–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1987.

Lawrence S. Rothenberg, Houston, for plaintiff.

A. Andrew Gallo, Ryan & Shoss, Houston, for defendant.

Before COHEN, JACK SMITH and DUGGAN, JJ.

## OPINION

COHEN, Justice.

Addicks sued Transit for breach of a retail installment contract and for recovery of a wrecker that was the security for the contract. Addicks obtained possession of the vehicle under a writ of sequestration. Transit then regained possession of the wrecker by filing a $4,500 replevy bond.

After a jury trial, the court entered judgment for Addicks for $4,500 on the replevy bond, attorney's fees of $6,200, and a writ of possession for the wrecker, from which Transit brings this appeal. We affirm.

Transit's first point of error contends that the trial court erred in allowing Billy Harvey, President of Transit, to testify to an alleged oral agreement between Transit and Addicks. Transit contends that this violated the Parol Evidence Rule.

The record reflects that Addicks and Transit entered into a written contract for the purchase by Transit from Addicks of a wrecker for $4,500. The contract required Transit to make a $500 down payment and 18 monthly installments of $252.22 each, beginning February 1, 1985 and ending July 1, 1986. Transit never made any scheduled payment.

Transit pled a general denial and the affirmative defenses of estoppel and fraud. Transit also counterclaimed for wrongful sequestration, and sought punitive damages.

During trial, Addicks called Harvey as an adverse witness and elicited testimony from him concerning an oral agreement between Addicks and Transit. The substance of the oral agreement was that Transit had agreed to use the subject wrecker to tow cars exclusively for and to Addicks, in exchange for Addicks agreeing to pay Transit a commission on any body work it performed on such cars. Testimony established that similar oral agreements were common in the industry. Transit's objection was overruled by the trial court.

Parol evidence is generally not admissible to modify, add to, or contradict a written instrument that is complete and unambiguous on its face. *Denman v. Hall*, 144 Tex. 633, 193 S.W.2d 515 (1946); *Jauregui v. Jones*, 695 S.W.2d 258, 262 (Tex.App.—San Antonio 1985, writ refused n.r.e.). The Parol Evidence Rule makes the written agreement the sole repository of the legal transaction, so that the transaction must be derived from the written terms alone. *Summit Insurance Co. v. Central National Bank*, 624 S.W.2d 222, 226 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.

e.). However, the rule only applies to the specific writing evidencing the creation, modification, termination, or securing of a particular right or obligation. *Brannon v. Gulf States Energy Corp.*, 562 S.W.2d 219, 222 (Tex.1977).

The rule does not preclude evidence of prior or contemporaneous agreements that are not inconsistent with, and do not vary or contradict, express or implied terms or obligations of a separate written agreement. *Sherrod v. Bailey*, 580 S.W.2d 24, 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Nor does the rule prohibit proof of collateral undertakings. *Continental Insurance Co. v. Stewart & Stevenson Services, Inc.*, 306 S.W.2d 415, 420 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.). This is particularly true where, as here, the evidence shows that the oral agreement was one that the parties might normally make along with the disputed written contract. *Lakeway Co. v. Leon Howard, Inc.*, 578 S.W.2d 163, 166 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e., 585 S.W.2d 660).

■ The prior oral agreement between Addicks and Transit was collateral to the written sales contract. It did not vary, modify, change, or contradict any term of the written agreement. Moreover, Addicks expressly offered the agreement and its breach only to avoid the punitive damages that Transit sought for wrongful sequestration. The trial court did not err in admitting the evidence.

The first point of error is overruled.

Transit's second point of error contends that the trial court erred in entering judgment for Addicks, because there were no special issues submitted to support Addick's claim for breach of the written contract. The record reflects that the only special issues submitted concerned attorney's fees, estoppel, wrongful sequestration, and punitive damages. Addicks did not submit any issue to support the judgment.

■ Generally, the failure to request submission of a ground of recovery waives the right to recover on that ground. *Pick-*

*ens v. Harrison,* 151 Tex. 562, 252 S.W.2d 575, 582–83 (1952). However, issues are unnecessary when there is no genuine controversy and only one conclusion can be drawn from the evidence. This is true even if the issue is controverted by pleadings. *Commercial Insurance Co. v. Smith,* 596 S.W.2d 661, 664 (Tex.Civ.App. —Ft. Worth 1980, writ ref'd n.r.e.).

■ In order to establish liability, Addicks had to show: (1) the installment agreement; (2) that Transit signed the agreement; (3) that Addicks was the legal owner and holder of the agreement; and (4) that a certain balance remained due and owing on the agreement. *Daniell Motor Co. v. Northwest Bank,* 713 S.W.2d 808, 811–12 (Tex.App.—Fort Worth 1986, no writ); *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

■ Harvey testified that the agreement existed, that he signed it in his capacity as president and sole owner of Transit, and that Transit owed $4,500 under the agreement. Woodrow W. McDaniel, owner of Addicks, testified that Addicks was the legal owner and holder of the agreement, and that none of the payments had ever been made by Transit. Transit did not deny by verified pleadings the existence or execution of the writing, Tex.R.Civ.P. 93, or plead the affirmative defense of payment, as required by Tex.R.Civ.P. 95. Thus, no special issue was necessary because Addicks conclusively established its right of recovery.

■ Next, Transit contends that the trial court erred in awarding Addicks damages on the replevy bond, because no damage issue was submitted. However, McDaniel and Harvey testified that the value of the property replevied, as of the date of the execution of the replevy bond, was $4,500, the purchase price of the property. *See* Tex.R.Civ.P. 704. It was also undisputed that nothing had been paid on the note. Because the damages were not disputed, an issue on damages was unnecessary. *Bellefonte Underwriters Insurance Co. v. Brown,* 663 S.W.2d 562, 572 (Tex.App.— Houston [14th Dist.] 1983), *rev'd on other*

*grounds,* 704 S.W.2d 742 (Tex.1986). The second point of error is overruled.

Transit's third and fourth points of error contend that there is no evidence or insufficient evidence to support the judgment. We have held above that Addicks established its right to recovery so conclusively that no special issues were needed to support it.

■ Transit also contends that the jury's negative answer to the estoppel issue, no. 1A, is against the great weight and preponderance of the evidence. We disagree.

McDaniel testified that Harvey admitted to him that he did not make the payment on February 1, 1985. McDaniel also testified that Addicks and Transit had many business dealings and that the attempted payment of February 1, 1985, was for services rendered by Addicks in connection with another transaction.

This conflicting evidence is sufficient to support the jury's answer to issue 1A. *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd. n.r.e.).

Next, Transit contends that the trial court erred in entering judgment for the amount of the replevy bond, because there was no evidence of, and no issue was submitted concerning, the value of the use, fruits, and hire of the vehicle. However, the trial court did not render any judgment for Addicks for such damages. Judgment was rendered based on the uncontested value of the property, thus alleviating the need for evidence or special issues. *See Seureau v. Mudd,* 515 S.W.2d 746 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

Next, Transit contends that the trial court erred in allowing a recovery on the bond, because there was no evidence that Transit executed the bond, no evidence that the bond was ever delivered or the property replevied, and no evidence of the disposition of the property, as required by Tex.R. Civ.P. 607.

■ We decline to reach these issues because the existence of a properly exe-

cuted and delivered replevy bond was not raised in the trial court. Nothing is presented for review.

The third and fourth points of error are overruled.

Addick's cross-point contends that the trial court erred in not awarding it damages for loss of the use of the wrecker. Addicks did not plead for such damages. In addition, Addicks could only recover against the bond for the value of the fruits, hire, revenue, or rent of the property replevied. Tex.R.Civ.P. 704. The only evidence introduced was that Addicks spent $20,000 to employ a wrecker service to replace Transit's service. However, this did not result from a breach of the written installment sale agreement on which the suit was based, but from Addicks' breach of the oral agreement. Moreover, the $20,000 cost of replacement is not evidence of the value of the fruits, hire, revenue, or rent of the property replevied, as required by Rule 704. *See Commercial Credit Equipment Corp. v. Elliott,* 414 S.W.2d 35 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); *American Indemnity Co. v. McCann,* 45 S.W.2d 174, 178 (Tex.Comm'n App.1932, holding approved).

Addicks' cross-point is overruled.

The judgment is affirmed.