NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-08-00405-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ROGER WAYNE BURGES, 

DEBORAH K. BURGES COOK,                      

AND LONNIE RAY BURGES,                        '                 APPEAL
FROM THE 217TH

APPELLANTS

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

SHIRLEY MOSLEY,

APPELLEE                                                        '                 ANGELINA
COUNTY, TEXAS

 





                                                                     OPINION

            This
appeal arises from a dispute over the enforceability of an alleged agreement
made by Shirley Mosley to benefit her deceased husband’s three children by a
previous marriage.  The trial court determined the alleged agreement was not a
contract due to both a lack of consideration and failure of consideration.  In
two issues, the three children, Roger Wayne Burges, Deborah K. Burges Cook, and
Lonnie Ray Burges (hereinafter the Burges children) appeal the trial court’s
grant of Shirley’s motions for summary judgment and its denial of their motion
for summary judgment.  We reverse and remand for further proceedings.

 

Background

            Shirley
and Coy Mosley were married in 1970.  Each had children from a previous marriage. 
On July 8, 1974, Coy and Shirley executed a joint and mutual will that
specifically provided that all of their property, both real and personal, would
vest in the survivor.  The will stated that the property was “to be used,
occupied, enjoyed, expended and/or conveyed by and during the life of such
survivor, as such survivor shall desire.”  The will further specified that, upon
the survivor’s death, “any such estate then remaining shall be divided” among
Shirley’s and Coy’s children.  Under the terms of the will, the house and lot
located in Lufkin was to be given to Shirley’s children and the house and fifty
acres located five miles east of Lufkin was to be given to Coy’s children.  Coy
died on August 11, 1974.  

            Shirley
probated the will and was appointed independent executrix of Coy’s estate.  On
October 11, 1976, Shirley signed the following document, which was later
recorded in the deed records of Angelina County, Texas:

 

AGREEMENT

                THE
STATE OF TEXAS                    §

                                                                                                KNOW
ALL MEN BY THESE PRESENTS:

                COUNTY
OF ANGELINA §

 

                THAT WHEREAS, I, Shirley Burges
Mosley, a resident of Angelina County, Texas, have heretofore been legally
appointed as the Executrix of the Estate of Clent Coy Burges in Cause No. 5198,
pending on the docket of the County Court of Angelina County, Texas, sitting in
Probate; and

                WHEREAS, in my capacity as Executrix
of the Estate of Clent Coy Burges, I have heretofore prepared and filed an
Inventory and Appraisement of said estate which contained a full and complete
inventory of the assets of the estate as well as the debts thereof, such
appraisement and list of claims being recorded in Volume 95, page 506, Probate
Records of Angelina County, Texas; and

                WHEREAS, I, the said Shirley Burges
Mosley, desire to enter into an Agreement contractually binding upon myself, my
heirs, executors, assigns, or any other person, firm or corporation which may
hereafter because of my action become the executrix or executor of the estate
of the aforesaid Clent Coy Burges, for and in consideration of the benefits
received and to be received by me pursuant to the Last Will and Testament of
the said Clent Coy Burges, deceased, do hereby covenant and agree as follows:

                I, the said Shirley Burges Mosley, do
hereby acknowledge the validity of the Last Will and Testament of the said
Clent Coy Burges, and further covenant and agree that I, or any other person,
firm or corporation acting in the capacity of executrix or executor of the
Estate of Clent Coy Burges, shall do all acts and take any such action as is
necessary to fully carry out the terms and conditions of the Last Will and
Testament of the said Clent Coy Burges, and I further covenant and agree that I
will not sell, dispose of, or convey any of the property, real or personal,
comprising the Estate of the said Clent Coy Burges if such transfer, sale or
encumbrance would violate any of the terms or provisions of said will or in any
way deprive the beneficiaries named therein of any benefits, tangible or
intangible, which they would otherwise have received pursuant to the provisions
of said Will; provided, however, that in the event of the sale of any real
property, I hereby covenant and agree that the house located on East Menefee
Street at its intersection with South Third Street, Lufkin, Angelina County,
Texas, shall be transferred only to my children born to me by a previous
marriage, and further that the house and fifty acres of land located
approximately five miles East of Lufkin, Angelina County, Texas shall be
divided equally between Roger Wayne Burges, Lonnie Ray Burges, Debra Kay Burges
and Michelle Burges, in equal shares, share and share alike, and any remaining
property shall be divided equally between my children and the children of Clent
Coy Burges, share and share alike.

                I further covenant and agree that I
shall execute any and all instruments in writing necessary to fully carry out
the terms of this agreement, as well as the provisions of the Last Will and
Testament of Clent Coy Burges, deceased, and each of them.

                DATED this the 11th
day of October, A. D., 1976.

                                                                                                                ________/s/_________

                                                                                                                Shirley
Burges Mosley

 

THE STATE OF TEXAS                    ( )

                                                                (
)

COUNTY OF ANGELINA ( )

                BEFORE ME, the undersigned authority,
in and for said County, Texas, on this day personally appeared Shirley Burges
Mosley, known to me to be the person whose name is subscribed to the foregoing
instrument, and acknowledged to me that she executed the same for the purposes
and consideration therein expressed.

                GIVEN UNDER MY HAND AND SEAL OF
OFFICE, this 11th day of October, A. D., 1976.

                                                                                                ______________/s____________

                                                                                                Notary
Public in and for Angelina

                                                                                                                County,
Texas

 

            On
November 24, 2003, Shirley sold twenty eight acres out of the aforementioned
fifty acre tract east of Lufkin for $84,000.00.  Upon learning of the sale, the
Burges children filed suit seeking to have the 1976 agreement declared to be a
contract that Shirley had breached.  Shirley filed her answer alleging eight affirmative
defenses, including lack of consideration and failure of consideration.  

            Following
discovery, the Burges children filed a traditional motion for summary judgment
seeking a declaration that the agreement was a contract and that they be
awarded, among other relief, legal title and possession of the remainder of the
fifty acres, $84,000.00, attorney’s fees, and interest.  Shirley responded by
filing both a no evidence motion for summary judgment and a traditional motion
for summary judgment.  Following two hearings, the trial court denied the
Burges children’s motion for summary judgment and granted Shirley’s no evidence
summary judgment solely on the ground of lack of consideration.[1] 
At the same time, the trial court granted Shirley’s traditional motion for
summary judgment solely on the ground of failure of consideration.  The Burges
children then timely filed this appeal.

 

Standard of Review

         We review the trial court’s decision to grant summary judgment
de novo.  Tex. Mun. Power Agency v. Pub. Util. Comm’n, 253 S.W.3d
184, 192 (Tex. 2007).  The movant for traditional summary judgment has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). To prevail on a summary judgment, a plaintiff must
conclusively prove all the elements of his cause of action as a matter of law.  See
Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972).  In contrast, a
defendant as movant must either negate at least one essential element of the plaintiff’s
cause of action or prove all essential elements of an affirmative defense.  See
Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995).  Once the movant has established a right to summary judgment, the
nonmovant has the burden to respond to the motion and present to the trial
court any issues that would preclude summary judgment. See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).


         After adequate time for discovery, a party without the burden of
proof at trial may move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim or defense. Tex. R. Civ. P. 166a(i). Once a no
evidence motion has been filed in accordance with Rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged element. See Macias v. Fiesta Mart, Inc., 988 S.W.2d
316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 

         When a party moves for both a no evidence and a traditional
summary judgment, we first review the trial court’s summary judgment under the
no evidence standard of Rule 166a(i).  Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004).  If the no evidence summary judgment was
properly granted, we do not reach arguments under the traditional motion for
summary judgment. See id.  When both parties move for
summary judgment, each party must carry its own burden, and neither can prevail
because of the failure of the other to discharge its burden.  Guynes v. Galveston
County, 861 S.W.2d 861, 862 (Tex. 1993).  When both sides move for
summary judgment and the trial court grants one motion but denies the other,
the reviewing court should review both sides’ summary judgment evidence,
determine all questions presented, and render the judgment that the trial court
should have rendered.  Tex. Mun. Power Agency, 253 S.W.3d at 192. 
In so doing, we first review the order granting summary judgment and if we
determine the order was erroneous, we review the trial court=s action in overruling the
denied motion. Lambrecht & Assoc., Inc. v. State Farm Lloyds,
119 S.W.3d 16, 20 (Tex. App.BTyler
2003, no pet.).  We may then either affirm the judgment or reverse and render
the judgment the trial court should have rendered, including one that denies
both motions. Id.

 

Shirley’s No Evidence and Traditional Motions 

for Summary Judgment

            In the
Burges children’s first issue, they contend the trial court erred in granting
Shirley’s no evidence and traditional motions for summary judgment.  We must
first review the trial court’s ruling on the no evidence motion for summary
judgment, which was granted on the ground of lack of consideration.  

Lack of Consideration


            Consideration
is a fundamental element of every valid contract.  Fed. Sign v. Tex. S.
Univ., 951 S.W.2d 401, 408 (Tex. 1997).  Consideration is a present
exchange bargained for in return for a promise and consists of benefits and
detriments to the contracting parties.  Roark v. Stallworth Oil &
Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991).  The detriments must induce
the parties to make the promises, and the promises must induce the parties to
incur the detriments.  Id.  

            Lack
of consideration occurs when the contract, at its inception, does not impose
obligations on both parties.  Michol O’Connor,
O’Connor’s Texas Causes of Action 86 (2009).  The contract
lacking consideration lacks mutuality of obligation and is unenforceable.  Fed.
Sign, 951 S.W.2d at 409.  Lack of consideration is an
affirmative defense.  Doncaster v. Hernaiz, 161
S.W.3d 594, 603 (Tex. App.–San Antonio 2005, no pet.).  The existence of a
written contract, however, presumes consideration for its execution.  Id.
 Therefore, the party alleging lack of consideration has the burden of
proof to rebut this presumption.  Id.; see also Edlund v. Bounds, 842
S.W.2d 719, 724 (Tex. App.–Dallas 1992, writ denied) (op. on reh’g) (“A sworn
plea of no consideration placed the burden of proof on Edlund to show there was
none.”).

            Only
a party without the burden of proof at trial may move for summary judgment on
the ground that there is no evidence of one or more essential elements of a
claim or defense.  See Tex. R.
Civ. P. 166a(i).  Because Shirley had the burden of proof on the
affirmative defense of lack of consideration, she could not properly move for a
no evidence summary judgment on that ground.  See Nowak v. DAS
Inv. Corp., 110 S.W.3d 677, 680 (Tex. App. – Houston [14th Dist.] 2003,
no pet.).  Therefore, the trial court improperly granted Shirley’s no evidence
motion for summary judgment on the ground of lack of consideration.

 

Failure of
Consideration 

            The
trial court granted Shirley’s traditional motion for summary judgment on the
ground of failure of consideration.  Failure of consideration, an affirmative
defense, occurs when, because of some supervening cause after a contract is formed,
the promised performance fails.  See Tex.
R. Civ. P. 94; U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P’ship,
170 S.W.3d 272, 279 (Tex. App.–Dallas 2005, no pet.).  Above, we explained
that there is a “lack of consideration” where a purported contract lacks
mutuality of obligation.  Thus, there is a clear distinction between “lack of
consideration” and “failure of consideration.”  Here, all of the summary
judgment evidence produced by Shirley was designed to show that there was no
consideration to support this agreement.  That would be a “lack of
consideration.”  None of the summary judgment evidence that Shirley produced
established that a contract had been formed and that the performance of one of
the parties failed.  Therefore, there was no evidence to establish the affirmative
defense of failure of consideration upon which Shirley’s traditional motion for
summary judgment was granted.  See Johnson, 891 S.W.2d at 644.  The
trial court erred in granting Shirley’s traditional motion for summary judgment
on the ground of failure of consideration.  

We
sustain the Burges children’s first issue.

 

Burges Children’s Traditional Motion 

for Summary Judgment

            In
their second issue, the Burges children contend that the trial court erred in
overruling their traditional motion for summary judgment.  They argue that when
Shirley signed the agreement, she promised that if she sold any property
belonging to Coy’s estate, she would divide the “house and fifty acres” among
Coy’s children.  They further argue that they presented summary judgment
evidence establishing that Shirley breached the agreement when she sold some of
the land in 2003.  

The
threshold question in a breach of contract claim is whether a valid contract
exists.  See Domingo v. Mitchell, 257 S.W.3d 34, 39 (Tex. App.–Amarillo
2008, pet. denied).  Thus, for the Burges children’s breach of contract claim to
be successful, they first had to establish that there was a valid contract
between them and Shirley. 

            For
a contract to exist, there must be an offer, acceptance, and consideration.  Id. 
What constitutes consideration for a contract is a question of law.  Brownwood
Ross Co. v. Maverick County, 936 S.W.2d 42, 45 (Tex.
App.–San Antonio 1996, writ denied).  The Burges children contend that the
consideration that induced Shirley to execute the agreement was their promise
not to contest Coy’s will.  By the time the agreement was signed by Shirley,
Coy’s will had already been admitted to probate.  However, a will that has been
admitted to probate is subject to being set aside in a subsequent suit to
contest its validity.  Ritter v. Till, 230 S.W.3d
197, 201 (Tex. App.–Houston [14th Dist.] 2005, no pet.).  

            Although
the issue of consideration is to be determined as a matter of law, the recital
of consideration in a written instrument is not conclusive, and the nature of
the real consideration may be shown by parol evidence.  Lakeway Co. v.
Leon Howard, Inc., 578 S.W.2d 163, 166 (Tex. Civ.
App.–Tyler), writ ref’d n.r.e., 585 S.W.2d 660 (Tex. 1979) (per curiam). 
We therefore must review the summary judgment evidence regarding the Burges
children’s threat to contest the will and determine whether it constituted
consideration for the agreement.  In support of their summary judgment, the
children included the deposition testimony of each of them and of Shirley.  

            Deborah
K. Burges Cook testified that while she was away at college, she received a
phone call from either her grandfather, J. D. Burges, or her brother, asking
her to return home to discuss the possibility of contesting her father’s will. 
Deborah testified that she asked her grandfather if there was another way to
work something out with Shirley other than contesting the will.  She testified
that he said that he would look into it.  Deborah testified that she never
threatened Shirley with a will contest.  When asked specifically if her
grandfather had told her that he had gone to Shirley threatening to contest the
will, she testified “no.”  Lonnie Ray Burges testified that he did not
personally threaten Shirley with a lawsuit.  He further testified that he
thought his grandfather threatened Shirley with the will contest.  He
remembered traveling into the old part of Lufkin one day with his grandfather,
and Lonnie asked him what they were doing.  His grandfather replied, “I’m just taking
care of your land, son.”  Lonnie testified that “that’s all he ever said.”  Roy
Wayne Burges testified by deposition, explaining that he did not know of any
contest to the will at all and he never threatened Shirley with a will
contest.  He had no personal knowledge of anyone else threatening her with a
will contest.

            Shirley
testified that J. D. Burges never told her that he was considering protesting
the will on behalf of the children.  She testified that she did not know what
his reason was for asking her to sign the agreement because he did not say. 
She also testified that he said that if she signed the agreement it would make
him feel better.  Further, we note that the purported agreement itself
specifically states that the last will and testament of Coy Burges was valid.  

None
of the summary judgment evidence established, as a matter of law, that the
Burges children or their grandfather threatened to contest the will if Shirley did
not sign the agreement.  Consequently, they did not show that the agreement
Shirley signed was supported by consideration.  In the absence of consideration,
the agreement does not constitute a valid contract.  Because the Burges children
did not conclusively prove the existence of a contract, they did not prove all
the elements of their cause of action as a matter of law.  Therefore, the trial
court correctly denied the children’s traditional motion for summary judgment. 
See Swilley, 488 S.W.2d at 67.  We overrule the Burges children’s
second issue.

 

Conclusion

            The
trial court erred in granting Shirley’s no evidence motion for summary judgment
because the rules of civil procedure do not allow a party to move for a no
evidence summary judgment based on an affirmative defense that she has the
burden to prove at trial.  The trial court erred in granting Shirley’s
traditional motion for summary judgment because there was no evidence of
failure of consideration, the ground upon which that motion was granted. 
Conversely, the trial court correctly denied the Burges children’s motion for
summary judgment because they did not prove that the agreement Shirley signed was
supported by consideration and therefore did not prove the existence of a
contract as a matter of law.

We
reverse the trial court’s final summary judgment and remand
the cause to the trial court for proceedings consistent with this opinion.

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered January 20, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









[1]  The court’s final summary
judgment stated that the no evidence motion for summary judgment was also being
granted on the ground that there was no evidence that Coy’s children intended
to contest the will of Coy Burges.  However, this ground was only a subpart of
Shirley’s lack of consideration defense and therefore we will not address it
separately.