Carolyn GUERRA, Appellant,

v.

Jerry N. BROWN, Appellee.

No. 13-89-493-CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1990.

David C. Griffin, Port Lavaca, Cynthia T. Sheppard, Victoria, for appellant.

O. F. Jones, III, Victoria, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

Appellant, Carolyn Guerra, filed suit against appellee, Jerry N. Brown, alleging wrongful discharge and violations of Texas employment statutes, Tex.Rev.Civ.Stat. Ann. art. 5221k (Vernon 1989). Brown counterclaimed for damages caused by Guerra's defective job performance and requested attorney's fees. Prior to trial Guerra dropped her cause of action under art.

5221k. The jury found that Brown did not breach the employment agreement, and that Guerra failed to perform her job in a good and workmanlike manner. However, the jury found that Brown was not injured by Guerra's failure to perform. Guerra, by three points of error, challenges the jury findings and the assessment of attorney's fees against her. Brown raises three cross points.

Brown operated a physical therapy business in DeTar hospital in Victoria. Brown hired Guerra to work as a physical therapy aide in April, 1984. He hired her as an at will employee and did not execute a written employment agreement. She contended that when she was hired Brown told her that he followed the DeTar policy and procedure manual. This manual provided certain rights for employees including corrective action, probation, and suspension. Brown denied that he agreed to follow the manual.

Guerra was promoted to secretary in August, 1984, and worked until about August 20, 1986. During her employment, her duties included placing patient evaluation sheets on patient's charts, filling out tax forms, and preparing checks for the operation of the office. She took maternity leave on July 29th and delivered the next day. While Guerra was on maternity leave, Brown informed her by letter that she was fired. He gave no warning nor probation prior to her discharge.

Brown claimed Guerra was discharged because she failed to properly update patient's charts, and because of other problems with her job performance. After she was fired, Brown learned that Guerra improperly filled out tax forms, causing him to pay substantial penalties and back taxes. Guerra believed the real cause of her discharge was her pregnancy because Brown stated he did not like employees with small children.

In response to special questions the jury found that Brown did not promise or agree to follow the DeTar policy manual, and that Guerra failed to execute her duties in a good and workmanlike manner. The trial court entered judgment that Guerra take nothing, and granted Brown attorney's fees.

By Guerra's first and second points of error, she raises a legal and factual sufficiency challenge to the jury's finding that Brown did not agree to abide by the standards for firing employees set forth in the DeTar policy and procedure manual. She had the burden to prove the agreement existed.

The correct legal and factual sufficiency challenges by the party who has the burden of proof on an issue is that the fact was established as a "matter of law" and "against the great weight and preponderance of the evidence". *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *see also Conrad v. Orellana,* 661 S.W.2d 309, 313 (Tex.App.—Corpus Christi 1983, no writ).

The standard of review for a matter of law point requires a two-pronged inquiry. First, the appellate court must review the evidence and inferences reasonably supporting the finding and view them in the light most favorable to the finding. Second, if there is no evidence supporting the finding, we must determine whether the contrary proposition is established as a matter of law. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If a finding is "against the great weight and preponderance of the evidence" the inquiry is whether, after examining all the evidence, the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cropper v. Caterpillar Tractor Co.,* 754 S.W.2d 646, 650 (Tex.1988); *Hall v. Layton,* 16 Tex. 262, 270–71 (1856).

The evidence on this issue was conflicting. Guerra testified that Brown told her that he would follow the DeTar policy manual. On direct examination Brown testified that he did not inform Guerra that he would follow the manual's guidelines. Brown was impeached by his deposition in which he stated he did not remember what he told Guerra. Brown's testimony that he did not tell Guerra that he would follow the policy manual is some evidence and sufficient evidence supporting the jury's find-

ing. Guerra's first and second points of error are overruled.

■ By Guerra's third point of error she complains of the trial court's award of attorney's fees to Brown. The trial court granted Brown's attorney's fees. He pleaded for attorney's fees under Tex.Rev. Civ.Stat.Ann. art. 5221k § 7.01(e) (Vernon 1989), Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1989), and Tex.R.Civ.P. 13.

In Texas, statutory authority or an agreement is generally required for the trial court to award attorney's fees. If such authority exists, we review the trial court's grant or denial of attorney's fees under the abuse of discretion standard, unless some other standard is prescribed. *See San Antonio Housing Auth. v. Underwood,* 782 S.W.2d 25, 27 (Tex.App.—San Antonio 1989, no writ); *See also* Tex.Rev. Civ.Stat.Ann. art. 5221k § 7.01(e).

Guerra initially invoked the trial court's jurisdiction under art. 5221k, a statute that would allow assessment of attorney's fees as part of costs to the prevailing party. *See* § 7.01(e). Brown filed a special exception to the cause of action under art. 5221k, and this claim was dropped from subsequent pleadings. Brown, however, continued to plead for attorney's fees under § 7.01(e). This section provides: "In any action or proceeding under this Act, the court in its discretion may allow the prevailing party, other than the Commission, a reasonable attorney's fee as part of the costs . . . .".

Here no party prevailed on the art. 5221k cause of action. The claim had a legitimate factual and legal basis: the facts indicated that Guerra may have been fired because she was pregnant, a prohibited employment practice. *See* art. 5221k § 1.04(c) and § 5.01(1); *see also Herrin v. Newton Cent. Appraisal Dist.,* 687 F.Supp. 1072, 1087 (E.D.Tex.1987) (discrimination on the basis of pregnancy is unlawful in Texas). However, the claim was dropped from the pleadings when Guerra discovered through

Brown's special exception that the conditions precedent to her suit were not established. *See* § 7.01(a). Thus, this claim has not been adjudicated.[1] *Cf. Texas Dept. of Human Resources v. Orr,* 730 S.W.2d 435, 437 (Tex.App.—Austin 1987, no writ) (successful party under Tex.R.Civ.P. 131, which allows trial court to assess costs to successful party, means one who has obtained a judgment vindicating a right). We hold that under the facts of this case Brown is not a prevailing party under art. 5221k, thus, there may be no recovery for attorney's fees under § 7.01(e).

■ Brown requested attorney's fees under § 38.001. This section allows recovery of attorney's fees if the claim involves breach of contract. *See Williams v. Compressor Eng'g Co.,* 704 S.W.2d 469, 474 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (former employer received attorney's fees under this section for employee's breach of employment contract). Brown's claim against Guerra sounded more in tort than contract, thus this section was not applicable. *Fowler v. One Seguin Art Center,* 617 S.W.2d 763, 765 (Tex.App. —Houston [14th Dist.] 1981, writ ref'd n.r. e.). Regardless of whether Brown's claim is for breach of contract or for tort, he cannot recover attorney's fees under § 38.001 for another reason. He did not plead and prove presentment of his claim. *Mendliski v. Silvertooth,* 798 S.W.2d 30 (Tex.App.—Corpus Christi, no writ) (citing cases); Tex.Civ.Prac. & Rem.Code Ann. § 38.002(2) and (3) (Vernon 1989).

■ Brown also requested fees under Tex.R.Civ.P. 13. Fees could not properly be granted under that theory because there was no finding of good cause or sanction order filed. We hold that the trial court had no statutory authority to award attorney's fees, and modify the trial court's judgment to reflect this ruling.

■ By Brown's first cross point he argues that the trial court should not have submitted an issue on waiver because there

---

1. The language in § 7.01(e) is clearly distinguishable from Tex.Bus. & Com.Code Ann. § 17.50(c) which allows attorney's fees for those who must defend DTPA actions brought in bad faith. *See Cameo Const. Co. v. Campbell,* 642 S.W.2d 10, 12 (Tex.App.—El Paso 1982, no writ).

was no evidence of waiver. However, in his brief under this point he expressly waives a request for a new trial. Thus, we do not reach this issue.

By Brown's second cross point he requests affirmance of the trial court based on the Statute of Frauds, Tex.Bus. & Com. Code Ann. art. 26.01(b)(6) (Vernon 1989). Because we affirm for other reasons we do not reach this cross point.

By Brown's third cross point he argues that Guerra's appeal was frivolous and requests damages, citing Tex.R.App.P. 84. We overrule this cross point because Guerra brought forward in her third point of error a valid point requiring modification of the trial court's ruling. We hold there was sufficient cause for the appeal. Tex. R.App.P. 84.

We modify the judgment of the trial court to reflect our ruling that Brown take no attorney's fees and otherwise affirm.