**John R. CRENSHAW,**
**Plaintiff–Appellant,**

v.

**GENERAL DYNAMICS CORPORA-**
**TION, Defendant–Appellee.**

**Nos. 91–2067, 91–2271**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1991.

---

Woodrow Epperson, Houston, Tex., for plaintiff-appellant.

Thomas Michael Melo, Katrina Grider, Bracewell & Patterson, Houston, Tex., for defendant-appellee.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

PER CURIAM:

In this diversity action, the appellant Crenshaw challenges the district court's grant of summary judgment in favor of General Dynamics, and its decision to award attorney fees *sua sponte* against him. Finding no error in the grant of

summary judgment, we affirm. However, because the district court failed to enunciate its reasons for imposing attorney's fees against Crenshaw, we vacate that portion of the court's judgment and remand for further proceedings.

### Facts and District Court Proceedings

Crenshaw's own deposition statements comprise the bulk of the summary judgment evidence. Those statements reveal that he was employed by General Dynamics' predecessor, Consolidated Aircraft, from 1941 to 1945 pursuant to an oral agreement. He was temporarily laid off, but soon rehired in 1946. In 1976, he assumed the position of field office manager for the Houston office of General Dynamics, a position he maintained until his retirement in 1987.

In the early eighties, several field offices, including the Houston office managed by Crenshaw, noted a sharp decline in the volume of their business activity. At the request of corporate headquarters, office managers such as Crenshaw submitted budgeting information from which General Dynamics evaluated which field offices should be closed. Based on those projections, General Dynamics notified Crenshaw by telephone that the Houston office was slated for closure in late 1987. In that conversation, General Dynamics advised Crenshaw that it would assist him in finding another position within the company, provide him with outplacement assistance if desired, or accept his voluntary retirement. Although General Dynamics forwarded Crenshaw's resumé to other divisions, its attempts to secure another company position for him were unsuccessful, due primarily to the downturn in the industry. Crenshaw never accepted General Dynamics' offer of outplacement assistance, and instead elected voluntary retirement.

Contending that General Dynamics made fraudulent misrepresentations to him regarding its decision to close the Houston office and secure him another position, and that the company breached its employment contract with him, Crenshaw filed suit in Texas state court. He alleged claims based upon involuntary termination, breach of contract, fraudulent misrepresentation, and detrimental reliance. General Dynamics removed the action to federal court, filed an answer, and deposed Crenshaw.

General Dynamics then filed a motion for summary judgment, to which Crenshaw responded late. The district court then granted the motion, concluding that Crenshaw's claims were not actionable under the Texas employment-at-will doctrine and were barred by the Statute of Frauds. The court also indicated it would award attorney's fees, upon application, to General Dynamics. General Dynamics filed that application, to which Crenshaw responded out of time. The district court then entered a final judgment dismissing Crenshaw's claims, and awarding General Dynamics $31,000 in attorney's fees. From that judgment, Crenshaw takes this appeal.

### Summary Judgment

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State University*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 486, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### a. Breach of Contract

■ To prevail on his claim for breach of contract under Texas law, Crenshaw must prove, as a threshold matter, that an enforceable contract of employment existed between him and General Dynamics. In his deposition, Crenshaw admitted that it was his understanding that General Dynamics offered him employment until his retirement at age sixty-five. Crenshaw also admitted that no written agreement was ever executed between him and General Dynamics, and that any understanding they might have had was oral.

Because General Dynamics's alleged promise of employment is considered "permanent," the Texas Statute of Frauds[1] mandates that the parties' agreement be reduced to writing in order to be enforceable. *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d 175 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Because Crenshaw admitted this contract was oral, he cannot prove an enforceable contract existed. Instead, Crenshaw was an "employee at will," subject to termination at any time with or without cause.[2] *See Eastline & R.R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888). Because Crenshaw could not prove, as a matter of law, that an enforceable contract existed, summary judgment as to the breach of contract claim was proper.

### b. Fraud and Misrepresentation

■ To support a cause of action for fraud or misrepresentation, the plaintiff must prove that (1) the defendant promised to perform some act in the future; (2) at the time the alleged promise was made the defendant had no intention of performing such an act; (3) the plaintiff relied upon the promise, (4) the plaintiff acted to his detriment, and (5) the plaintiff suffered damages. *Wolf v. Fernandez*, 733 S.W.2d 695, 697 (Tex.Civ.App.—San Antonio 1987).

■ Crenshaw's own testimony establishes that General Dynamics' offer of assistance in securing other employment for him was something less than a "promise." When asked whether anyone at General Dynamics had *promised* him another job, Crenshaw replied:

> There was no specific promise. The implication I got was that they would make their best effort.

Thus, as a threshold matter, Crenshaw cannot prove even the first element of a cause of action for fraudulent misrepresentation. The district court properly granted General Dynamics judgment as a matter of law on this point as well.

### c. Detrimental Reliance/Estoppel

■ Finally, Crenshaw argues that the district court improperly granted summary judgment on his estoppel claims. We disagree. Under Texas law, a plaintiff urging estoppel must prove that (1) the defendant made a promise, (2) which the defendant should reasonably expect would induce action or forbearance on the part of the plaintiff, (3) which does in fact induce the action or forbearance, and (4) which must be enforced to prevent injustice. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972).

■ As noted above, Crenshaw admitted in his deposition that he did not consider General Dynamics' offer of assistance to be a "promise." Furthermore, he admitted that the only possible detriment he suffered was the loss of two months' worth of job hunting. As General Dynamics argues, this is not the type of "injustice" that equitable doctrine was intended to redress. We find no error in the trial court's decision to grant summary judgment in General Dynamics' favor.

---

1. Tex.Bus. & Comm.Code Ann. § 26.01 (Vernon 1987).

2. To protect employees, Texas law recognizes two exceptions to the employment-at-will doctrine, neither of which applies in this situation. Under the exceptions, public employees and some private employees are protected against retaliatory firings for reporting violations of criminal or certain occupational laws and regulations. *See e.g.*, Tex.Rev.Civ.Stat.Ann. art. 6252–16a (Vernon Supp.1990); Tex. Health & Safety Code Ann. § 242.133 (Vernon Supp. 1990); Tex.Rev.Civ.Stat.Ann. art. 5221k § 5.05.

### Attorney's Fees

As noted above, General Dynamics filed an application for attorney's fees pursuant to the district court's suggestion in its order granting summary judgment. In violation of Local Rule 4(B),[3] Crenshaw failed to file an objection to the application within the prescribed five-day period. General Dynamics now argues that Crenshaw has waived all objections to the imposition of fees, or to the amount awarded, by his failure to timely object in the district court.

■ As Crenshaw properly argues, Texas follows the so-called "American Rule," which imposes the burden of attorney's fees upon the individual litigants. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975). Thus, Texas courts have denied attorney's fees to the prevailing party in wrongful termination suits brought pursuant to Texas law. *See e.g. Guerra v. Brown*, 800 S.W.2d 343 (Tex.App.—Corpus Christi 1990). Accordingly, General Dynamics has no statutory right to be compensated for the attorney's fees expended in defense of Crenshaw's suit.[4]

■ A federal court may, however, award attorney's fees to a successful litigant when his opponent has commenced or conducted an action in bad faith, vexatiously, or for the purpose of harassment. *F.D. Rich Co. v. United States*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). In such a case, the court must make specific findings as to the frivolousness of the suit, or the bad faith of a party before fees are awarded on such a basis. *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344–45 (2d Cir.1986). In this case, the trial court made no such findings as to the reason it awarded fees in favor of General Dynamics. Ac-

cordingly, remand is warranted. *Dow Chemical Pacific Ltd.*, 782 F.2d at 345.

■ In ordering remand, we reject General Dynamics' suggestion that Federal Rule of Civil Procedure 54(d) and Local Rule 4(B) independently authorize the court to impose attorney fees upon Crenshaw. Neither rule creates a substantive right to attorney's fees, but merely dictates what procedure should be followed "*[w]hen* attorney's fees are taxable as costs." Local Rule 4(B). Rule 54(d) is irrelevant, since it addresses the recovery of *costs*, which are clearly distinguishable from attorney's fees. *See* 10 C. Wright and A. Miller, *Federal Practice and Procedure* § 2666 at 173 (1983). Furthermore, we cannot read Local Rule 4(B) to create a right to recover fees, by waiver or otherwise, when substantive law creates no such entitlement. *See Tiedel v. Northwestern Michigan College*, 865 F.2d 88 (6th Cir.1988) (where the court rejected an application for attorney's fees brought pursuant to a local rule, finding the rule contrary to Congress intent to limit recovery of attorney's fees.)

### Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, and VACATED and REMANDED in part.

---

**3.** This rule provides in part:

When attorney's fees are taxable as costs, an application for them must be made with the application for costs. Objections to allowance of the bill, the attorney's fees, or both must be filed within five days of the bill's filing.

**4.** Although General Dynamics relied upon *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) in its fee application, its reliance was clearly misplaced. That case was brought pursuant to Title VII, where attorney's fees are specifically authorized by statute.