IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50542
Summary Calendar
_____

ADIN TORRES GARCIA, ET AL,

Plaintiffs,

ADIN TORRES GARCIA,

Plaintiff-Appellant,

versus

SUNBELT RENTALS, INC., doing business as
Sunbelt Equipment Rentals, Inc.,
doing business as BET Plant Services, Inc.,
doing business as BPS Equipment Rental & Sales,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

November 5, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Appellant Adin Torres Garcia appeals the district court's denial of his request for attorneys' fees after a jury awarded him damages on his wrongful termination and fraudulent inducement claims against Appellee Sunbelt Rentals, Inc. (Sunbelt). For the reasons stated below, we AFFIRM the district court.

Garcia filed this action seeking damages for Sunbelt's termination of him after it allegedly requested that he perform an illegal act and he refused to do so.[1] He also sought attorneys' fees, arguing that his at-will employment relationship with Sunbelt constituted an oral contract, and Texas law provides for the right to recover attorneys' fees if the claim is for an oral or written contract.[2] In prosecuting his claims, Garcia relied primarily on *Sabine Pilot Service, Inc. v. Hauck*, in which the Texas Supreme Court allowed an employee to assert wrongful discharge for refusal to perform an illegal act, thereby creating a "very narrow exception" to the general doctrine that employees-at-will can be discharged at any time for any reason.[3] Appellant urged that he should be awarded attorneys' fees because the "*Sabine Pilot* exception recognizes that an employer effectively breaches an at-will agreement when an unlawful motive for firing is found by the trier of fact."

The district court rejected Garcia's claim to attorneys' fees, finding that *Sabine Pilot* "did not indicate that the cause of action [for wrongful discharge for refusal to perform an illegal act] sounded in contract law, nor did the court address the issue

---

[1] A Sunbelt representative instructed Garcia to identify credit balances owed to Sunbelt customers and then delete them from Sunbelt's records.

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 2001).

[3] 687 S.W.2d 733, 735 (Tex. 1985).

of attorney's fees under § 38.001(8)."  Therefore, Garcia did not "establish a right to sue for a contractual violation of his at-will employment."[4]

Our review of Texas law indicates that the district court reached the correct result.  Most glaringly, *Sabine Pilot* itself does not explicitly provide for an award of attorneys' fees to a plaintiff who prevails in a wrongful discharge cause of action based on refusal to perform an illegal act.  To the contrary, its only reference to damages suggests that attorneys' fees are specifically disallowed in such cases.  In his concurrence, Justice Kilgarlin explained,

> because of the limited issues presented in this case, the court does not address the matter of [the plaintiff's] measure of damages.  Logically, Tex. Rev. Stat. Ann. Art. 8307c (prohibition of firing an employee for filing a worker's compensation claim) should serve as a guide.  If so, damages would include loss of wages, both past and those reasonably anticipated in the future, and employee and retirement benefits that would have accrued had employment continued.  It would also include punitive damages.[5]

---

[4] Appellant asserted in the district court, and does now on appeal, that Appellee waived its objection to Appellant's attorneys' fees by asserting, in its state court answer, a general denial to the allegations in the petition, instead of making a specific denial in the form of an affirmative defense asserting that Garcia had not met all conditions precedent to the recovery of attorneys' fees.  The district court rejected this argument, explaining that since the plaintiff did not plead that any or all of the conditions precedent to the recovery of attorneys' fees had been satisfied, the defendant was not required to specifically deny any conditions in order to force the plaintiff to meet his burden of proof.  We agree.

[5] *Id.* at 736 (Kilgarlin, J., concurring).

By excluding attorneys' fees, the concurrence implies that such an award is not contemplated in claims for wrongful discharge based on *Sabine Pilot*. This conclusion is bolstered by the fact that, subsequent to *Sabine Pilot*, the Texas Supreme Court affirmatively held that attorneys' fees are not recoverable for wrongful discharge claims brought pursuant to Article 8307c.[6]

Additionally, in general, no Texas court has held that an at-will employment relationship constitutes an oral contract warranting recoupment of fees under § 38.001(8). To the contrary, we have before noted that "Texas courts have denied attorney's fees to the prevailing party in wrongful termination suits brought pursuant to Texas law."[7] For example, in *Guerra v. Brown*, a case substantially similar to the one at bar, the trial court had awarded attorneys' fees to an employer pursuant to § 38.001(8) after it successfully defended an at-will employee's wrongful termination claim.[8] A Texas court of appeals reversed the award, however, finding that § 38.001(8) "allows recovery of attorneys' fees if the claim involves breach of contract" and the plaintiff's

---

[6] *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91 (Tex. 1999).

[7] *Crenshaw v. Gen. Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991). In *Crenshaw*, we denied attorneys' fees to the employer after it successfully defeated the wrongful termination claims of the plaintiff, who was an at-will employee. *Id.* at 129.

[8] 800 S.W.2d 343, 345 (Tex. App.–Corpus Christi 1990, no writ).

claim against her employer "sounded more in tort than contract," thus rendering the statute inapplicable.[9]

Furthermore, a review of statutes providing for wrongful discharge claims similar to the cause of action created in *Sabine Pilot* further reinforces the district court's determination. Texas Civil Practice and Remedies Code § 122.001(a) provides for a cause of action for wrongful discharge if an employee is terminated because he or she serves as a juror.[10] Section 122.002 requires that a court award a prevailing plaintiff reasonable attorneys' fees for prosecuting such a claim.[11] Similarly, Chapter 21 of the Texas Labor Code provides for recoupment of attorneys' fees for discriminatory practices such as retaliatory discharge.[12] These types of attorneys' fees provisions would be unnecessary if § 38.001(8) covered at-will employment agreements. That the Texas Legislature explicitly provided for attorneys' fees awards for these types of wrongful discharge claims indicates that § 38.001(8) does not include them within the purview of claims arising from a contract entitled to attorneys' fees.

AFFIRMED.

---

[9] *Id.*

[10] TEX. CIV. PRAC. & REM. CODE ANN. § 122.001(a) (Vernon 2001).

[11] *Id.* § 122.002.

[12] TEX. LABOR CODE ANN. § 21.259 (Vernon 2001).