

**NUMBER 13-10-00668-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

JESSICA R. BECERRA,                                                                 Appellant,

v.

MIKESKA BAR-B-Q, INC.,                                                                 Appellee.

**On appeal from the 23rd District Court
of Wharton County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, Jessica R. Becerra, appeals from the trial court's entry of a take-nothing judgment on her claims against appellee, Mikeska Bar-B-Q, Inc., for sexual harassment. We affirm.

## I. BACKGROUND

This case was tried before a jury. At trial, the parties stipulated that "should [appellant] prevail, [appellant's] reasonable and necessary attorney's fees would be decided by the Court." After hearing the evidence, a jury found that appellee subjected appellant to sexual harassment and constructively terminated appellant's employment; however, the jury awarded no damages. Subsequently, appellant filed an application for attorney's fees. The trial court denied the request, finding that appellant "did not prevail." *See* TEX. LAB. CODE ANN. § 21.259(a) (West 2006). Appellant also filed a request for injunctive and equitable relief, which was also denied by the trial court.

The final judgment entered by the trial court recited the parties' stipulation at trial concerning attorney's fees, the court's finding that appellant was not a prevailing party, and the court's ruling that appellant's requests for relief were denied.

## II. ANALYSIS

In her sole issue, appellant argues that the trial court abused its discretion in denying her requests for injunctive relief, equitable relief and reasonable and necessary attorney's fees.

### A. Standard of Review

A trial court's issuance of equitable or injunctive relief is reviewed for abuse of discretion. *See Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 560 (Tex. 1998). In Texas, statutory authority or an agreement is generally required for the trial court to award attorney's fees. *See Guerra v. Brown*, 800 S.W.2d 343, 345 (Tex. App.—Corpus Christi 1990, no writ). If such authority exists, we review the trial court's

grant or denial of attorney's fees under the abuse of discretion standard, unless some other standard is prescribed. *Id.* (citing *San Antonio Housing Auth. v. Underwood*, 782 S.W.2d 25, 27 (Tex. App.—San Antonio 1989, no writ)).

**B. Applicable Law**

Section 21.258 of the Texas Labor Code provides, in relevant part, that the trial court "may" issue injunctive and equitable relief as follows:

(a)  On finding that a respondent engaged in an unlawful employment practice as alleged in a complaint, a court may:

(1)  prohibit by injunction the respondent from engaging in an unlawful employment practice; and

(2)  order additional equitable relief as may be appropriate.

(b)  Additional equitable relief may include:

(1)  hiring or reinstating with or without back pay;

(2)  upgrading an employee with or without pay;

(3)  admitting to or restoring union membership;

(4)  admitting to or participating in a guidance program, apprenticeship, or on-the-job training or other training or retraining program, using objective job-related criteria in admitting an individual to a program;

(5)  reporting on the manner of compliance with the terms of a final order issued under this chapter; and

(6)  paying court costs.

TEX. LAB. CODE ANN. § 21.258 (West 2006).

Section 21.259 of the Texas Labor Code provides, in relevant part, that the trial court "may" award reasonable attorney's fees as follows: "In a proceeding under this

chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs." TEX. LAB. CODE ANN. § 21.259(a).

### C. Discussion

According to appellant, the statutory predicates for awarding injunctive relief, equitable relief, and attorney's fees were present in this case; namely, the jury found that appellee engaged in an unlawful employment practice. Thus, appellant argues, the trial court had discretion to award the requested relief. Appellant has cited a number of cases in support of her contention that the relief she requested was appropriate under the circumstances. It is unnecessary to discuss the specifics of the cases cited.

"[A] plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail." *Farrar v. Hobby*, 506 U.S. 103, 110 (1992); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987); *Int'l Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 654 (Tex. 2009). "A judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, the moral satisfaction that results from any favorable statement of law cannot bestow prevailing party status." *Id.* at 112 (internal citations omitted). "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt*, 482 U.S. at 760. Furthermore, "It is the judgment, not the verdict, that we must consider in determining whether attorney's fees are proper." *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 860 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Based on the applicable standard, appellant was not a prevailing party. *See Int'l Group*

4

*P'ship*, 295 S.W.3d at 655–56 (concluding that "A zero on damages necessarily zeroes out 'prevailing party' status for KB Home" and that the trial court erred in awarding attorney's fees to KB Home on that basis); *Burgmann Seals Am., Inc.*, 135 S.W.3d at 860–62.

Even if appellant were correct in asserting her status as a prevailing party, she has not established that the trial court abused its discretion in denying her request. *See* TEX. GOV'T CODE ANN. § 311.016(1) (West 2005) ("'May' creates discretionary authority or grants permission or power."); *Dallas County Cmty. College Dist. v. Bolton*, 185 S.W.3d 868, 874 (Tex. 2005) (noting that the word "may" should be given its permissive meaning).

With respect to the request for attorney's fees, appellant argues that the trial court had no discretion to deny the request because attorney's fees are part of "costs" and must be awarded upon a finding that appellee "engaged in an unlawful employment practice as alleged in a complaint." *See* TEX. LAB. CODE ANN. §§ 21.258, 21.259. We disagree with appellant's assertion that the trial court had no discretion to decide whether to award costs. Subsection (b) of section 21.258 states, "Additional equitable relief may include . . . paying court costs." *See id.* § 21.258(a). The statute's use of the permissive term "may" gives the trial court discretionary authority. *See Bolton*, 185 S.W.3d at 874. Accordingly, appellant is incorrect in her assertion that the trial court had no discretion to deny her request for attorney's fees. For this same reason, appellant is not entitled to injunctive and equitable relief. *See* TEX. LAB. CODE ANN. §

5

21.258 (providing that a trial court "may" issue injunctive and/or equitable relief). Appellant's issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
22nd day of March, 2012.